**UNITED STATES of America, Plaintiff,**

v.

**Alberta MAULDIN, Defendant.**

**No. CV–92–H–1916–S.**

United States District Court,
N.D. Alabama, S.D.

Oct. 22, 1992.

———

Jack W. Selden, Sharon D. Simmons, U.S. Attorney's Office, Birmingham, Ala., for plaintiff.

Alberta Mauldin, pro se.

## MEMORANDUM OF OPINION

HANCOCK, District Judge.

The issue before the court arises under Title XXXVI of the Crime Control Act of 1990, which title is referred to as the Federal Debt Collection Procedures Act of 1990. Title XXXVI added Chapter 176 to Title 28 of the United States Code.[1] Chapter 176 is divided into four subchapters: subchapter "A" (§§ 3001–3015) sets forth the relevant definitions and general provisions of the chapter; subchapter "B" (§§ 3101–3105) speaks to prejudgment remedies; subchapter "C" (§§ 3201–3206) deals with postjudgment remedies; and subchapter "D" (§§ 3301–3308) addresses fraudulent transfers.

---

**1.** Pub.L. 101–647, 104 Stat. 4933.

The parties involved in this action[2] have filed with the court a stipulation and proposed consent judgment which includes, as part of the judgment against the defendant, a 10% surcharge to which the government claims it is entitled under 28 U.S.C. § 3011. Section 3011, which falls within subchapter A of Chapter 176, provides in pertinent part:

> (a) SURCHARGE AUTHORIZED.—In an action or proceeding under subchapter B or C, and subject to subsection (b),[3] the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt.

As reflected by its order of September 18, 1992, the court was troubled by the inclusion of the surcharge in the proposed judgment, and the United States Attorney was directed to and did provide the court with a legal memorandum setting forth the grounds on which said surcharge is authorized. In the memorandum the government makes clear that it is seeking the surcharge under Section 3011(a). Relying largely on legislative history, the government argues that Section 3011(a) should be read "as though there were a comma following the word action." In other words, according to the government, what Section 3011(a) really means is that the 10% surcharge is authorized 1) in an action [under subchapter A] OR 2) in a proceeding under subchapter B or C.

Not only does such an interpretation require the court to ignore the clear and plain language of the statute (and to add to the statute punctuation which was not provided by Congress), it also travels on the assumption that no proceeding under subchapters B or C can constitute an "action." Section 3202 (which falls under subchapter C), however, expressly uses the term in reference to remedies covered by the subchapter.[4] The court cannot travel on the assumption on which the argument of the United States is premised when the language of the statute is contrary to such assumption. Resort to legislative history is not appropriate where, as here, the statute is not unclear.[5]

In sum, the court finds that Section 3011 authorizes the award of the 10% surcharge only for "an action or proceeding" under subchapter B or C of Chapter 176. Since the instant proceeding arises under neither subchapter, the government is not entitled to the surcharge, as will be reflected by the judgment to be entered herein.

2. The action at issue was commenced by the government to collect money owed by the defendant as a result of her default on a federally-insured student loan.

3. Subsection (b) precludes recovery of the surcharge if the United States receives an attorney's fee in connection with the enforcement of the claim, or if the law on which the action is based provides any other amount to cover such costs. Neither situation applies here.

4. The relevant language provides: "On the commencement by the United States **of an action or proceeding under this subchapter to obtain a remedy,** the counsel for the United States shall prepare, and clerk of court shall issue, a notice in substantially the following form.... 28 U.S.C. § 3203(b).

5. Moreover, were the court to adopt the government's reasoning, the effect would be to allow for a single claim the collection of the 10% surcharge **twice**—once under subchapter A in connection with efforts to recover a judgment on the debt, and again under subchapters B or C should the government seek any pre- or post-judgment remedies.