UNITED STATES of America, Plaintiff,

v.

Michael MASTROVITO, Defendant.

Civ. No. 92–1259–PHX–EHC.

United States District Court,
D. Arizona.

July 19, 1993.

Suzanne M. Chynoweth, Asst. U.S. Atty., D. Ariz., Phoenix, AZ, for plaintiff.

Michael J. Mastrovito, Willcox, AZ, for defendant.

## ORDER

CARROLL, District Judge.

## I. BACKGROUND

The facts are undisputed. On September 14, 1973 and November 14, 1974, defendant executed promissory notes to obtain student loans totalling $5,000.00. The student loans were guaranteed by the Department of Education ("Department") pursuant to Title IV–B of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 et seq. Under the terms of the promissory notes, defendant was required to begin repayment nine months after he ceased to carry at least one-half the usual full-time academic workload at an eligible institution. On or before May of 1975, defendant discontinued the required workload. When the lender demanded payment, defendant defaulted on his obligation. The lender assigned all rights and title to the Department on January 13, 1979 after the Department paid a claim in the amount of $4,548.78 to the lending institution. Since the assignment of the loan, the Department has received $50.00 in payment.

Plaintiff initiated this action on July 1, 1992 to recover the amount owed by defendant. Plaintiff requests judgment against defendant in the amount of $4,498.78 (principal), $4,471.98 (interest through April 2, 1992), $87.00 (administrative costs), plus interest accruing from April 2, 1992 at 7.00% per annum. On October 29, 1992, plaintiff filed a Motion for Summary Judgment. Subsequently, defendant filed a Cross–Motion for Summary Judgment and a Request for Oral Argument.

## II. DISCUSSION

### A. Request for Oral Argument

Having reviewed the pleadings and determined them to be fully briefed, this Court finds that oral argument is not necessary.

### B. Standard for Summary Judgment

Summary judgment is appropriate only if, after viewing the evidence in the light most favorable to the party opposing the motion, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 1510, 91 L.Ed.2d 202 (1986).

On the other hand, summary judgment is not appropriate where the trial judge would be required to choose among competing or conflicting inferences or to pass on the credibility of the witnesses with differing versions of material facts. *Orme School v. Reeves*, 166 Ariz. 301, 802 P.2d 1000, 1010 (1990). Essentially, the Court must determine whether the evidence reveals a factual disagreement requiring submission to the jury or whether the evidence is so one-sided that one party must prevail as a matter of law. *Id.*

### C. Statute of Limitations under the Higher Education Act

Plaintiff believes it has established a *prima facie* case that defendant owes the requested amount for failure to satisfy his obligation under the terms of the promissory notes, and plaintiff is thus entitled to summary judgment. *Citing United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir.1975); *Federal Deposit Ins. Corp. v. Willis*, 497 F.Supp. 272, 276 (S.D.Ga.1980). On the other hand, defendant argues that this action is time barred. In reply, plaintiff submits that section 484A of the Higher Education Act of 1965, as amended by § 3 of P.L. 102–26, the Higher Education Technical Amendments of 1991 ("Amendments"), abrogates the statute of limitations for student loan collections. 20 U.S.C. § 1091a(a).

The relevant question is whether the Amendments apply to this case. Prior to the Amendments, the limitation period for actions to collect on student loans was six years from the date the government paid a guarantee claim on a federally insured student loan, or six years from the date the loan was assigned to the Department of Education.

Higher Education Act of 1965 § 484A(a)(4)(C), 20 U.S.C. § 1091a(a)(4)(C); *See, United States v. Menatos,* 925 F.2d 333 (9th Cir.1991); *United States v. Bellard,* 674 F.2d 330 (5th Cir.1982). On April 9, 1991, the Higher Education Act was amended to abolish the statute of limitations with respect to the recovery of defaulted student loans. The Higher Education Technical Amendments of 1991 provide:

> SEC. 3. Elimination of Statute of Limitation for Student Loan Collections.
>
> (a)(1) It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.
>
> (2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced or an offset, garnishment, or other action initiated or taken by:
>
> . . . .
>
> (D) the Secretary, the Attorney General, or the administrative head of another Federal Agency, as the case may be ... for the repayment of the amount due from a borrower on a loan made under this subchapter ... that has been assigned to the Secretary under this subchapter ...
>
> . . . .
>
> (c) The amendments made by this section shall be effective as if enacted by the Consolidated Omnibus Budget Reconciliation Act of 1985 (Public Law 99–272) and shall apply to any actions pending on or after the date of enactment of the Higher Education Technical Amendments of 1991 that are brought before November 15, 1992.

Pub.L. 102–26, § 3, April 9, 1991.

The United States Supreme Court recently noted "that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Connecticut Nat'l Bank v. Germain,* —— U.S. ——, ——, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992), *quoting Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981). The Amendments of 1991 are clear and straightforward, providing that no limitation shall terminate the period within which an action may be filed. Furthermore, the Amendments apply to any action brought before November 15, 1992.

Nevertheless, defendant attempts to circumvent the application of the Amendments with the argument that they are only retroactive to April 7, 1986, the effective date of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Defendant contends that since the assignment of the loan to the Department occurred in January, 1979, this action was time barred as of January, 1985 due to the six year statute of limitations period. Therefore, defendant argues, the Amendments do not apply retroactively to this claim. To support his contention, defendant cites *United States v. Friedenberg,* 1991 WL 352884, 1991 U.S.Dist. LEXIS 15440 (E.D.N.Y.), in which the court considered a loan which was assigned to the United States in 1983. Without discussion, the *Friedenberg* court concluded that the determining factor concerning the retroactivity of the Amendments is whether the claim was time barred in 1985. *Id.*

However, other district courts have reached a different conclusion. In *U.S. v. Ward,* 1992 WL 373557 (E.D.La.), the court noted that the Amendments are to be applied as if they were originally a part of COBRA. Section 3(e) of COBRA provides:

> (e) Retroactive Provisions. The Amendment made by § 16033 [which sets the statute of limitations for the collection of defaulted student loans] and § 16034 shall apply to all grants, ... including [grants] awarded before the enactment of this Act ...

Pub.L. 99–272, § 16041(e). Thus, if the Amendments are considered part of COBRA, they are effective in the same retroactive manner provided for by COBRA. Consequently, they are applicable to all grants, regardless of whether claims for repayment

of those grants were still viable on April 7, 1986. *Id.; See also, U.S. v. Davis,* 142 B.R. 293 (S.D.Ind.1992); *U.S. v. Davis,* 801 F.Supp. 581 (M.D.Ala.1992); *U.S. v. Wall,* 794 F.Supp. 350 (D.Or.1992); *U.S. v. Smith,* 811 F.Supp. 646 (S.D.Ala.1992); *U.S. v. Keil,* 1993 WL 69490 (N.D.Cal.).

This Court concurs with the conclusion reached by the majority of the courts which have addressed this issue. Moreover, the legislative history of the Amendments supports this view. During the Congressional debates, Representative Goodling, a sponsor of the Amendments, addressed the issue of retroactivity: "Some questions have arisen regarding the running of the statute of limitations. The amendment would lift the statute of limitations for all time, would apply it retroactively, and would sunset this provision on November 15, 1992." 131 CONG.REC. H1808 (daily ed. March 19, 1991). Another sponsor of the Amendments stated that "the bill would eliminate the statute of limitations with respect to recovery of defaulted student loans through offsets of Federal income tax refunds, litigation, and garnishment, where otherwise permitted by federal law." 131 CONG.REC. H1810 (daily ed. March 19, 1991) (statement of Congressman Ford). Accordingly, this Court finds that plaintiff's action is not time barred and that plaintiff has established that defendant defaulted on his obligation under the terms of the promissory notes.

**IT IS ORDERED** denying defendant's Request for Oral Argument (Dkt # 11).

**IT IS FURTHER ORDERED** granting plaintiff's Motion for Summary Judgment (Dkt # 6).

**IT IS FURTHER ORDERED** denying defendant's Cross–Motion for Summary Judgment (Dkt # 7).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of plaintiff, United States of America, and against defendant, Michael Mastrovito, in the amount of $9,265.88, plus interest to be calculated at the legal rate and to accrue from November 30, 1992 through the date of satisfaction of this judgment, plus ten per-

cent (10%) surcharge pursuant to 28 U.S.C. § 3011(a).