29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earl D. JOHNSON, Defendant-Appellant.
 No. 93-16644.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 16, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Earl D. Johnson appeals pro se the district court's summary judgment in favor of the United States in the government's action to recover on several defaulted student loans. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 On appeal, Johnson contends the government's action to collect on his defaulted student loans is barred by the statute of limitations. In United States v. Phillips, No. 93-16522, slip op. at 3022-24 (9th Cir. Mar. 31, 1994), however, we held that the Higher Education Technical Amendments of 1991 (HETA), Pub.L. No. 102-26, 105 Stat. 123 (1991) (codified at 20 U.S.C. Sec. 1091a(a)), eliminated all statutes of limitation on actions to recover on defaulted student loan.[1]
 
 
 4
 Accordingly, we find that the district court properly held that this action was not time-barred and that the United States was entitled to summary judgment. See Phillips, No. 93-16522 at 3022-24 (citing 20 U.S.C. Sec. 1091a(a)); see also United States v. Hodges, 999 F.2d 341, 341-42 (8th Cir.1993) (government could bring action to recover on defaulted student loan even though loan was defaulted in 1969 and loan was assigned to the government in 1983); United States v. Glockson, 998 F.2d 896, 897 (11th Cir.1993) ("Congress intended the HETA amendments to apply retroactively to all student loan collection actions"); United States v. Mastrovito, 830 F.Supp. 1281, 1282-84 (D.Ariz.1993) (same); United States v. Davis, 801 F.Supp. 581, 583-84 (M.D.Ala.1992) (same); United States v. Wall, 794 F.Supp. 350, 351-52 (D.Or.1992) (same).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section (a) of HETA provides, in pertinent part:
 (1) It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.
 (2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken.
 20 U.S.C. Sec. 1091a(a)(1) & (2).