**Neal RENDLEMAN, M.D., Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, et al., Defendants,**

**and**

**United States of America, Counterclaimant.**

**Civ. No. 84–800–FR.**

United States District Court, D. Oregon.

Oct. 4, 1994.

Jonathan M. Hoffman, Martin, Bischoff, Templeton, Langslet & Hoffman, Portland, OR, for plaintiff.

Kristine Olson Rogers, U.S. Atty., Jack G. Collins, Asst. U.S. Atty., Portland, OR, for Federal defendants and counterclaimant U.S.

## OPINION

FRYE, District Judge:

The matter before the court is the third renewed motion for summary judgment of the defendants, Donna E. Shalala, the Secretary of Health and Human Services, *et al.*, and the counterclaimant, the United States of America, against the plaintiff, Neal Rendleman, M.D. (# 190).

## FACTS

The plaintiff, Neal Rendleman, M.D., received a National Health Service Corps (NHSC) scholarship in the amount of $31,-995.12 for the years 1978/79 and 1980/81 of his medical school training. As a NHSC scholarship recipient, Rendleman was obligated to serve as a medical doctor in the health professional shortage area (HPSA) determined by the Secretary of Health and Human Services (the Secretary) for the period of time that he had been a recipient of the NHSC scholarship. 42 U.S.C. § 254*l*. For Rendleman, this was two years.

In 1981, Rendleman deferred his obligation to serve in a HPSA in order to pursue a three-year residency training program. Rendleman dropped out of the three-year residency training program after two years and opened a medical clinic in Portland, Oregon. At that time, the area in which Rendle-

man's medical clinic was located had not been determined by the Secretary to be a HPSA, although the area later received that designation.

In April of 1984, the Secretary assigned Rendleman to fulfill his service obligation at a clinic in the State of Alabama. Rendleman refused to accept this assignment and filed a lawsuit against the Secretary, seeking a declaration that he was not in default on his service obligation. The Secretary declared Rendleman in default on his service obligation shortly after the action was filed. The government filed a counterclaim seeking a judgment of default for treble damages as provided by 42 U.S.C. § 254o (b)(1)(A).

On November 3, 1986, this court granted Rendleman's motion for summary judgment. *Rendleman v. Heckler,* 653 F.Supp. 316 (D.Or.1986). On November 16, 1988, the United States Court of Appeals for the Ninth Circuit reversed this court and remanded the case with instructions to this court to grant summary judgment in favor of the Secretary on the issue of Rendleman's default. *Rendleman v. Bowen,* 860 F.2d 1537 (9th Cir. 1988).

On April 10, 1989, this court granted summary judgment in favor of the Secretary on the issue of Rendleman's default and remanded the case to the NHSC for consideration of whether Rendleman's service obligation should be waived.

On May 8, 1989, the Secretary declined to waive Rendleman's service obligation finding that Rendleman did not meet the criteria for impossibility under 42 C.F.R. § 62.12(c) or for extreme hardship and unconscionability under 42 C.F.R. § 62.12(d). Rendleman then filed a second amended complaint in this court seeking to require the Secretary to consider, among other things, his work in a HPSA as part of the waiver analysis.

On March 15, 1991, this court granted Rendleman's motion for summary judgment and ordered the Secretary to further consider Rendleman's request for a waiver, including in the analysis all of the grounds upon which Rendleman had claimed he was entitled to a waiver. *Rendleman v. Sullivan,*

760 F.Supp. 842 (D.Or.1991). The Secretary appealed the decision.

On April 14, 1994, the United States Court of Appeals for the Ninth Circuit held that it was not plainly erroneous for the Secretary to determine that a waiver of a scholarship obligation for undue hardship and unconscionability based solely on the considerations listed in the regulation instead of on Rendleman's additional grounds for consideration is proper. *Rendleman v. Shalala,* 21 F.3d 957 (9th Cir.1994). The United States Court of Appeals for the Ninth Circuit remanded the action to this court for further consideration of the government's counterclaim for the statutory treble damages. *Id.* at 964.

As of June 30, 1994, pursuant to the treble damages provision of 42 U.S.C. § 254o (b)(1)(A), Rendleman owed the government $303,272.58 (consisting of $95,985.36 in principal and $207,287.22 in interest) with damages accruing at the rate of $38.38 per day.

## APPLICABLE LAW

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens,* 533 F.2d 429, 432 (9th Cir.1976). The rule does not require that there be no factual disputes. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (emphasis in original). A material fact is "genuine" if "the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)).

## CONTENTIONS

The government contends that the validity of the treble damages provision for the failure of a medical student to fulfill the service obligation of a NHSC scholarship has been upheld by the United States Court of Appeals for the Ninth Circuit, and that the government is entitled to judgment as a matter of law for damages as calculated under 42 U.S.C. § 254o (b)(1)(A). The government also contends that it will seek a litigation surcharge under 28 U.S.C. § 3011.

Rendleman contends that the motion of the government for summary judgment should be denied and that the finding of this court on April 10, 1989 that Rendleman was in default should be vacated because of changes in policy at the Department of Health and Human Services. In the alternative, Rendleman contends that the damages upon a default are limited to single damages and not treble damages as sought by the government. Finally, Rendleman contends that the government is not entitled to seek a litigation surcharge under 28 U.S.C. § 3011.

## ANALYSIS

On April 10, 1989, this court entered an order of default against Rendleman and in favor of the government. The issue before the court now is whether Rendleman must pay single or treble damages.

42 U.S.C. § 254o (b)(1)(A), provides, in relevant part:

[I]f an individual breaches his written contract by failing ... to begin such individual's service obligation ... the United States shall be entitled to recover from the

individual an amount determined in accordance with the formula

$$A = 3\theta \quad \frac{(t - s)}{t}$$

in which "A" is the amount the United States is entitled to recover, "θ" is the sum of the amounts paid under this subpart to or on behalf of the individual and the interest on such amounts which would be payable if at the time the amounts were paid they were loans bearing interest at the maximum legal prevailing rate, as determined by the Treasurer of the United States; "t" is the total number of months in the individual's period of obligated service; and "s" is the number of months of such period served by him....

The statutorily prescribed penalty of treble damages plus interest under 42 U.S.C. § 254o (b)(1)(A) has been considered and upheld by the United States Court of Appeals for the Ninth Circuit. *United States v. Citrin,* 972 F.2d 1044, 1051 (9th Cir.1992). To the extent that an NHSC scholar is liable under section C(3) of the scholarship contract, the treble damages formula is enforceable.

Rendleman argues that the court should vacate its ruling of April 10, 1989 finding him in default on the grounds that changes in policy at the Department of Health and Human Services would now allow him to serve his obligation at the clinic that he established in Portland, Oregon. Rendleman contends that the court should remand this case to the Secretary for reconsideration in light of the changes in policy and should defer any ruling in this case pending the outcome of his application to the Department of Health and Human Services.

In response, the government contends that the issue of liability has been settled by the United States Court of Appeals for the Ninth Circuit and is no longer before this court. The government further contends that there is no basis for this court to disregard the prior orders of the Ninth Circuit Court of Appeals, as urged by Rendleman.

On April 10, 1989, this court entered an order of default. This order is the law of

the case and is binding on the parties and on the court. *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir.1993); *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993); *Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir.1985), *cert. denied*, 475 U.S. 1064, 106 S.Ct. 1374, 89 L.Ed.2d 601 (1986).

In *Thomas v. Bible*, the court stated:

While courts have some discretion not to apply the doctrine of law of the case, that discretion is limited. Depending on the nature of the case or issue and on the level or levels of the court[ ] or courts involved, a court may have discretion to reopen a previously resolved question under one or more of the following circumstances:

(1) the first decision was clearly erroneous;

(2) an intervening change in the law has occurred;

(3) the evidence on remand is substantially different;

(4) other changed circumstances exist;

(5) a manifest injustice would otherwise result.

983 F.2d at 155 (citations omitted).

Rendleman first argues that there has been an intervening change in the law which requires cases involving defaults on NHSC scholarship requirements to be "view[ed] ... through the prism of the [Administrative Procedure Act], not contract law." *United States v. Hatcher*, 922 F.2d 1402, 1407 (9th Cir.1991). The *Hatcher* case followed a prior Ninth Circuit decision in this case in which the court held that "the obligations of the Secretary are to be based on statutory and not contractual principles." *Rendleman v. Bowen*, 860 F.2d 1537, 1542 (9th Cir.1988). The court finds that the decision in *Hatcher* does not require a different result or procedure in this case, and does not require this court to reopen the previously resolved question of Rendleman's default on his service obligation.

Rendleman next argues that there has been a change of policy, as reflected by the letter of July 25, 1994 from the government, which merits this court's reconsideration of the issue of his default on his service obligation. According to the terms of the letter of July 25, 1994, Rendleman would be allowed to enter into a consent judgment which would discharge his scholarship debt and the accrued interest thereon through two years of service at his clinic, currently approved as an HPSA, provided Rendleman qualifies to serve and his practice meets the requirements of a Private Practice Option. The only penalty imposed by the government would be a ten percent litigation surcharge, due at the successful completion of his two-year service.

The government maintains that the letter of July 25, 1994 was an offer of settlement, not evidence of any change in policy, and as such is not admissible under Rule 408 of the Federal Rules of Evidence. The language of the letter indicates that it is an offer of settlement, and therefore it will be treated as such by this court. The court finds no evidence of any policy change which requires further discovery, as requested by Rendleman.

Finally, Rendleman argues that a $300,000 judgment against him would be a manifest injustice to him and to his patients, and that the court should allow an exception to the doctrine of the law of the case. However, this request is premised on the existence of a policy change, evidence of which has not been presented. Thus, the argument that he will suffer a manifest injustice also fails.

Rendleman next contends that damages upon a default are limited to single damages under section C(2) of the NHSC contract, not treble damages under section C(3) as claimed by the government. Rendleman cites his scholarship contract as evidence that his failure to complete the residency training program after he graduated from medical school was a termination of academic training and qualifies him for a single payback of his scholarship money. Under section C:

If the applicant:

. . . .

2. Fails to maintain an acceptable level of academic standing in the course of study for which the scholarship award

is provided, *or voluntarily terminates academic training before the completion of such training,* or is dismissed from the educational institution for disciplinary or other reasons, the applicant shall, instead of performing the service obligation incurred under this contract, repay to the United States all funds paid to the applicant and to the educational institution under this contract.

3. Fails to begin or complete the period of obligated service incurred under this contract for any reason other than those in paragraph 2 of this section, the United States shall be entitled to recover an amount equal to three times the scholarship funds awarded, plus interest, as determined by the formula

$$A = 3\theta \quad \frac{(t - s)}{t}$$

Exhibit A to Plaintiff's Concise Statement of Material Facts in Support of Motion for Summary Judgment, pp. 1–2 (emphasis added).

In response, the government argues that section C(2) of the NHSC contract applies only where the scholarship recipient has voluntarily terminated his academic training and failed to complete medical school, not a residency, and thus the amount of damages in this case is governed by section C(3). The exact terms to be included in the contract are specified in the statute. *Rendleman v. Bowen,* 860 F.2d at 1539; 42 U.S.C. § 2541(f). The government argues that because the statute specifies only the voluntary termination of training from an educational institution, the voluntary termination of training from a residency program does not qualify an NHSC scholar for single damages. The government points to the statute as evidence of the intent of Congress, which provides, in relevant part:

An individual who has entered into a written contract with the Secretary under section 2541 of this title and who—

. . . .

(C) *voluntarily terminates the training in such an educational institution*

*for which he is provided a scholarship* under such contract, before the completion of such training . . .

. . . shall be liable to the United States for the amount which has been paid to him, or on his behalf, under the contract.

42 U.S.C. § 254o (a)(1) (emphasis added).

The terms of the scholarship contract are governed by 42 U.S.C. § 254o(a)(1), which specifies that single damages apply if the individual terminates the training for which the scholarship was provided. Rendleman received an NHSC scholarship for two years of medical school training, not for any part of his residency. He completed medical school training. Although Rendleman voluntarily terminated his post-graduate residency program, he did not receive a scholarship for such program and therefore does not qualify for the single damages provision under section C(2). *See United States v. Bills,* 639 F.Supp. 825, 831 (D.N.J.1986) (holding single damages provision applies only to students who fail to complete medical school), *aff'd in part, rev'd in part on other grounds,* 822 F.2d 373 (3rd Cir.1987).

The government states in its motion that it "will seek a litigation surcharge as provided by 28 U.S.C. § 3011." Motion at 2. The government notes that other courts have awarded a litigation surcharge to the government pursuant to section 3011 at the time judgment was granted. *United States v. Alphagraphics Franchising, Inc.,* 973 F.2d 429 (5th Cir.1992); *Foster v. Alexander,* 811 F.Supp. 5 (D.D.C.1993); *United States v. Winterfeldt,* 820 F.Supp. 1143 (E.D.Wis. 1993); 830 F.Supp. 1281 (D.Ariz.1993); *United States v. Mastrovito,* 830 F.Supp. 1281 (D.Ariz.1993). The government maintains that under the language of 28 U.S.C. § 3011, the United States is entitled to recover a surcharge in the amount authorized by section 3011 upon the recording of the judgment.

Rendleman contends that the government is not entitled to the surcharge available under section 3011 because neither the counterclaim nor the pretrial order contains a claim under subchapter B for a prejudgment remedy, or under subchapter C for a post-

judgment remedy as required by the statute. Rendleman cites *United States v. Mauldin,* 805 F.Supp. 35 (N.D.Ala.1992), as support for his proposition that section 3011 does not apply in this case as there is no claim under subchapters B or C. Section 3011(a) provides, in pertinent part: "In an action or proceeding under subchapter B or C . . . the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement. . . ."

Subchapter B governs prejudgment remedies, defined by the statute as attachment, receivership, garnishment or sequestration. 28 U.S.C. §§ 3002(11), 3101 *et seq.* Subchapter C governs remedies for the enforcement of judgments, including judgment liens, and provides, in relevant part: "A judgment in a civil action shall create a lien on all real property of a judgment debtor on filing a certified copy of the abstract of the judgment in the manner in which a notice of tax lien would be filed. . . ." 28 U.S.C. § 3201(a). "A judgment may be enforced by any of the remedies set forth in this subchapter." 28 U.S.C. § 3202(a).

Under section 3011, surcharges have been imposed at the same time as judgments have been entered in prior cases, including in *Mastrovito,* a case in the Ninth Circuit involving the collection of a student loan. 830 F.Supp. at 1284. However, in none of the cases did the party opposing the surcharge contest the surcharge as inappropriate prior to the entry of the judgment. In *Mauldin,* the only case that this court is aware of in which the issuance of a contemporaneous surcharge under section 3011 has been challenged as contrary to the plain language of the statute, the court held that the government was not entitled to the surcharge without a proceeding under subchapters B or C. 805 F.Supp. at 36.

Here, the government has not made a claim for attachment, receivership, garnishment or sequestration, and therefore has not proceeded under subchapter B. The language of subchapter C requires a judgment to be entered before the government can proceed to place a lien on the debtor's property or seek other remedies under subchapter C.

The government contends that it will be entitled to a ten percent surcharge upon the filing of the judgment pursuant to section 3201, and Rendleman does not dispute this contention. However, under the plain language of the statute, the court cannot grant the ten percent surcharge at this stage of the proceedings.

## CONCLUSION

The government has met its burden of establishing the propriety of treble damages. Consequently, the court finds that Rendleman owes the government three times the damages provided for in the scholarship contract and by statute.

The third renewed motion for summary judgment of the defendants, Donna E. Shalala, the Secretary of Health and Human Services, *et al.,* and the counterclaimant, the United States of America (# 190) is granted. The defendants shall submit to the court a proposed judgment in accordance with this opinion.