**UNITED STATES of America,
Plaintiff,**

v.

**Cheryl GEORGE, Defendant.**

**No. CV 97–6226(NG)(MDG).**

United States District Court,
E.D. New York.

May 16, 2001.

162

Francis E. Mullen, Mullen & Jannarone, PC., Smithtown, NY, for plaintiff.

## ORDER

GERSHON, District Judge.

The unopposed Report and Recommendation of Magistrate Judge Marilyn Dolan Go dated April 6, 2001, is adopted in its entirety. The Clerk of Court is directed to amend the amount of the Judgment entered on June 11, 1998 to the total sum of $2,775.54. Plaintiff is entitled to recover from defendant Cheryl Y. George indebtedness of $1,453.93, plus a statutory 10% surcharge of $145.39, and any additional statutory interest on those amounts accruing after April 30, 2001.

Plaintiff's application for an order of garnishment is granted as modified in accordance with the Report and Recommendation of Judge Go. The court has signed a Garnishee Order in the amount of 10% of defendant's net disposable weekly earnings. Payments shall continue to be made until the debt to the plaintiff set forth in this Order has been paid in full or as

otherwise provided in the Garnishee Order.

SO ORDERED.

## REPORT AND RECOMMENDATION

GERSHON, United States Magistrate Judge.

The application of plaintiff United States of America for an order of garnishment of defendant Cheryl Y. George's wages to satisfy a judgment entered herein has been referred to me by the Honorable Nina Gershon for report and recommendation.

## PROCEDURAL BACKGROUND

By complaint dated October 27, 1997, the plaintiff sought to recover amounts due on student loans on which defendant had allegedly defaulted (court document ("ct. doc.") 1). On June 11, 1998, this court (Gershon, J.) issued a default judgment for the sum of $3,041.53, plus interest at the legal rate in effect on the date of the judgment (ct.doc. 6).

On June 20, 2000, plaintiff applied for a writ of garnishment, serving the writ on defendant and her employer, the New York State Commission of Human Rights. (ct.docs.7, 8). The New York State Commission of Human Rights ("garnishee") responded by confirming that defendant was within its employ, and that she had pre-tax earnings of $41,332.00 (ct.doc. 9). Defendant responded on approximately July 17, 2000 by returning the Clerk's Notice of Post Judgment Garnishment with the box on that form checked to request a hearing. By Order dated October 2, 2000, Judge Gershon referred plaintiff's application for an order of garnishment and all other post-judgment matters to me (ct.doc. 11).

By Order dated November 29, 2000, in response to defendant's request, this Court set a hearing date of December 15, 2000 (ct.doc. 12). The notice of hearing was sent to defendant by mail at the same address as the other papers in this matter (to which defendant responded by requesting a hearing). Defendant failed to appear at the hearing and did not request rescheduling, or otherwise respond to the writ and order which had been served on her (ct. doc 13).

## DISCUSSION

Defendant has not challenged the judgment entered against her nor presented any argument that any portion of her earnings is properly exempt from garnishment. Thus, the only issue to be determined is the appropriate percentage of her wages that may be garnished.

Plaintiff seeks an order permitting garnishment of 25% of defendant's disposable wages, relying on the provisions of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205(a) *et seq.*, which permits a court to garnish up to 25% of nonexempt disposable earnings in order to repay a consumer debt. *See* 28 U.S.C. § 3002(9). However, the provisions of the FDCPA are not controlling in this case. In 1991, Congress amended the Higher Education Act of 1965 ("HEA") to authorize the Secretary of Education or guaranty agencies to collect a defaulted student loan by administrative garnishment of up to 10% of the defaulter's disposable pay. *See* Higher Education Technical Amendments of 1991, Pub.L. 102–26; 137 Cong. Rec. S7291–02, S7369; 20 U.S.C. § 1095a.

Specifically, 20 U.S.C. § 1095a provides:

a) Garnishment requirements:

Notwithstanding any provision of State law, a guaranty agency, or the Secretary in the case of loans made, insured or guaranteed under this subchapter ... that are held by the Secretary, may

garnish the disposable pay of an individual to collect the amount owed by the individual, if he or she is not currently making required repayment under a repayment agreement with the Secretary, or in the case of a loan guaranteed under part B of this subchapter on which the guaranty agency received reimbursement from the Secretary under section 1078(c) of this title, with the guaranty agency holding the loan, as appropriate, provided that—(1) the amount deducted for any pay period may not exceed 10 percent of disposable pay....

Under the statute, disposable pay is defined as that part of earnings remaining after all deductions required by law have been withheld. 20 U.S.C. § 1095a(d). Thus, the HEA authorizes garnishment of up to 10% of disposable pay, not the 25% requested by plaintiff.

Courts addressing the question of the proper amount of garnishment for repayment of student loans have all held that the more specific limitation in the HEA should govern federally guaranteed student loans, rather than other more general limitations on garnishment expressed in other federal statutes such as the FDCPA. *See United States v. Reid,* 2000 WL 264334 (E.D.N.Y. January 21, 2000) (ILG), *reconsid. denied, United States v. Reid,* 2000 WL 1843291 (E.D.N.Y. Oct. 31, 2000);[1] *Green v. Kentucky Higher Education Assistance Authority,* 78 F.Supp.2d 1259, 1264–65 (S.D.Ala.1999).

█ Further, even if the FDCPA were applied here, contrary to plaintiff's position, a 25% garnishment of disposable income (as opposed to any lesser amount) is not mandatory, and the court may properly consider the circumstances of this individual garnishee. Under the FDCPA, 28 U.S.C.A. § 3205(a) states that "[a] court *may* issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest" (emphasis added). Nothing in that language mandates a garnishment of a particular amount.

Moreover, 28 U.S.C. § 3002(9) defines "nonexempt disposable earnings" under the FDCPA as "25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act."[2] Section

---

1. Plaintiff sought vacatur of the district court's order in *United States v. Reid,* 2000 WL 1843291 (E.D.N.Y. October 31, 2000), apparently arguing, *inter alia,* that the Eleventh Circuit in *Halperin v. Regional Adjustment Bureau, Inc.,* 206 F.3d 1063 (11th Cir. 2000), rejected a 10% limitation on garnishment. Judge Glasser denied the motion as presenting issues more properly raised on appeal. *Id.* at *2. The holding in *Halperin* is not applicable here since that case raised the issue of whether the 10% limitation on garnishment in the HEA was cumulative, or whether, under HEA § 1095a, multiple note holders could each garnish 10%. The Court determined that the latter, rather than the former, interpretation was appropriate. In doing so, it criticized the reasoning of *Green v. Kentucky Higher Education Assistance Authority,* 78 F.Supp.2d 1259, and in particular its reliance on the legislative history of the statute.

*Halperin,* 206 F.3d at 1068 n. 6. However, the Eleventh Circuit also expressly distinguished the factual circumstances present in the instant case, where only one note holder seeks garnishment, from those in *Halperin,* where multiple note holders sought garnishment. *Id.* Moreover, the reasoning of *Halperin* relating to legislative history appears somewhat forced; a fair reading of that history, even as recounted in *Halperin,* supports an inference that any limitations on garnishment in the HEA (which was to be applied to provide additional unemployment benefits) were intended to protect potential garnishees, who were often likely to be poor, from "severe hardships." *Id.*

2. 28 U.S.C. § 3002(5) defines "disposable earnings" as "that part of earnings remaining after all deductions required by law have been withheld."

303 of the Consumer Protection Act, 15 U.S.C. § 1673(a), which 3002(9) explicitly references, in turn provides in relevant part:

(a) Maximum allowable garnishment

Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed

(1) 25 per centum of his disposable earnings for that week.

Thus, nothing in the FDCPA states that 25% of nonexempt disposable income is the mandatory amount of any federal garnishment under the FDCPA; rather, all the pertinent statutory language indicates that 25% is a maximum figure. Common sense dictates the same result. *Cf. United States v. Kaye,* 93 F.Supp.2d 196, 198 (D.Conn.2000) (holding in context of garnishment for purposes of restitution that court had ability to consider circumstances of individual defendant and award federal garnishment of nonexempt disposable earnings of less than 25%).

■ I have reviewed the documents relating to defendant's earnings and am familiar with living expenses in the areas in which she resides and works. Taking this information into account, as well as the legal background against which the claim is made, including New York State's limitation on garnishment under equivalent circumstances of 10% of gross income set out in C.P.L.R. § 5231(b), I respectfully recommend entry of an order of garnishment of 10% of plaintiff's disposable pay.

■ As set out above, the HEA defines "disposable pay" as "that part of the com-

pensation of any individual from an employer remaining after the deduction of any amounts required by law to be withheld." 20 U.S.C. § 1095a(d); *cf.* 28 U.S.C. § 3002(5) (FDCPA defines disposable wages in virtually identical manner). In light of this definition, I further recommend that defendant's "disposable pay" subject to garnishment be determined based on her current pay, minus deductions required by law, without any alteration in defendant's current exemptions.

■ I also recommend that the amount of the judgment be amended. In its initial application for a default judgment, the United States sought and received a statutory surcharge of 10% on the entire debt pursuant to 28 U.S.C. § 3011, to cover attorney's fees, calculated as of the date of that judgment. However, that statute provides in pertinent part that:

(a) In an action or proceeding under Subchapter B or C, and subject to subsection (b), the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and the handling of litigation and enforcement under this chapter of the claim for such debt.

Under the plain language of § 3011, the government is not entitled to the surcharge as of the date of judgment. Instead, the provision permits recovery of the surcharge only when the government has either sought prejudgment remedies of attachment, receivership, garnishment or sequestration governed under subchapter B, or engaged in post-judgment enforcement proceedings under subchapter C of the Act.[3] *United States v. Sackett,* 114 F.3d

---

**3.** Some courts which have awarded the government a surcharge pursuant to Section 3011 have done so without discussion of the applicability of the provision. *See, e.g., United*

*States v. Alphagraphics Franchising, Inc.,* 973 F.2d 429, 431 (5th Cir.1992); *United States v. Mastrovito,* 830 F.Supp. 1281 (D.Ariz.1993), *aff'd,* 46 F.3d 1147 (9th Cir.1995); *United*

1050 (10th Cir.1997); *United States v. Maldonado,* 867 F.Supp. 1184, 1199 (S.D.N.Y.1994); *Rendleman v. Shalala,* 864 F.Supp. 1007, 1013 (D.Or.1994); *United States v. Smith,* 862 F.Supp. 257, 263 (D.Haw.1994); *United States v. Mauldin,* 805 F.Supp. 35, 36 (N.D.Ala.1992). However, although plaintiff was not entitled to the surcharge as of the date of the judgment in June, 1998, plaintiff is now entitled to the surcharge because it has brought this proceeding to garnish defendant's property under subchapter C *after* entry of judgment. *See Rendleman,* 864 F.Supp. at 1013.

Thus the default judgment entered by this Court on June 11, 1998 in the sum of $3,041.53, which included the outstanding indebtedness and interest, costs and a surcharge of $265.99, should be reduced by the amount of surcharge to $2,775.54. Because statutory interest has accrued on the original judgment from June 11, 1998 at a rate of 5.434% per annum, the amount that plaintiff is entitled to recover through garnishment should accordingly be reduced by both the amount of surcharge incorrectly assessed *and* the statutory interest on the $265.99.

■ In support of its application for garnishment, plaintiff submitted an affidavit indicating that because of payments made by defendant after entry of judgment, defendant's outstanding indebtedness with interest through May 15, 2000 was $1,675.70. *See* Declaration in Support of Order of Garnishment ¶ 6, dated August 31, 2000 (ct.doc. 10). Deducting from the

$1,675.70 the amount of the surcharge plus $27.89 of interest accruing on the surcharge at the statutory rate from the date of the original judgment to May 15, 2000 (704 days at $0.0396 per day), yields an outstanding indebtedness of $1,381.83. Plaintiff is entitled to interest on this amount which, calculated through April 30, 2001 at $0.206 per day, amounts to a total indebtedness of $1,453.93.[4]

However, as previously noted, plaintiff is now entitled to the surcharge under 28 U.S.C. § 3011. I further recommend that the Court award plaintiff a surcharge based on 10% of the recalculated indebtedness of $1,453.93, equaling $145.39.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court: (1) amend the amount of the Judgment entered on June 11, 1998 to $2,775.54; (2) award plaintiff a surcharge of $145.39 as set out in this report and recommendation; and (3) enter an Order of Garnishment in the amount of 10% of defendant's current weekly disposable pay in the form annexed hereto to permit plaintiff to collect defendant's indebtedness, as recalculated above to equal $1453.93, together with the surcharge and any additional statutory interest on those amounts accruing after April 30, 2001. Payments shall continue to be made until the debt to the plaintiff is paid in full or until the garnishee no longer has custody, possession, or control of any property belonging to defendant, or until further order of this Court.

---

*States v. Winterfeldt,* 820 F.Supp. 1143 (E.D.Wis.1993).

**4.** Interest on the amount of the amended judgment should accrue from the date of the original judgment, and at the same rate. *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) (interest rate to be determined as

of date of judgment); *Lewis v. Whelan* 99 F.3d 542, 545 (2d Cir.1996) (interest on modified judgment runs from the date of original judgment when theory on which initial judgment was awarded was sound); *Cordero v. De Jesus–Mendez,* 922 F.2d 11 (1st Cir.1990) (same). The appropriate rate is 5.434%. Decl. for Order of Garnishment ¶ 6.

Copies of this report and recommendation have been mailed to the parties listed herein on this date. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, by April 25, 2001, 2001. Failure to file objections within the specified time waives the right to appeal. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

SO ORDERED.

April 6, 2001.

### *GARNISHEE ORDER*

The annexed affirmation of Francis E. Mullen, an attorney for the plaintiff, shows that a Writ of Garnishment, directed to the Garnishee, has been duly issued and served upon the Garnishee. Pursuant to the Writ of Garnishment, the Garnishee filed an Answer, a copy also annexed, stating that the Garnishee had in its possession or his control personal property belonging to and due to the defendant, Cheryl Y. George, and that garnishee was indebted to defendant, Cheryl Y. George, the sum of $41,332.00 yearly salary as a result of the garnishees employment of defendant Cheryl Y. George.

On *July 3, 2000*, the defendant, Cheryl Y. George, was notified of his/her right to a hearing to determine exempt property as provided for in Section 28 U.S.C., 3205(5) and has not requested a hearing to determine exempt property.

Now, on motion of Mullen & Iannarone, P.C., attorneys for the Plaintiff, it is ordered that the Garnishee pay the sum equal to 10% of the defendant's net disposable weekly earnings to the plaintiff, payments made payable to the U.S. Department of Justice, and continue said payments until the debt to the plaintiff is paid in full or until the garnishee no longer has custody, possession or control of any property belonging to the defendant, Cheryl Y. George, or until further Order of the Court.

SO ORDERED.