**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 8/5/96**

**TENTH CIRCUIT**

---

SHANE DUFFEE, minor, by and
through guardian and next friend,
ROSE THORNTON,

      Plaintiff - Appellant,

      v.

MURRAY OHIO MANUFACTURING
CO., WAL-MART STORES, INC.,
and SHIMANO AMERICAN, INC.,

      Defendants - Appellees.

Nos. 95-3055 and 95-3241

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D. Ct. No. 94-CV-4022)**

---

Mark W. Works, Topeka, Kansas, appearing for the Appellant.

Donald Patterson, Fisher, Patterson, Sayler & Smith, appearing for Appellees
Murray Ohio and Wal-Mart Stores.*

David E. Larson, Larson & Larson, Kansas City, Missouri (Randall W. Schroer
with him on the brief), appearing for Appellee Shimano American.*

*Appellees Murray Ohio, Wal-Mart Stores, and Shimano American filed a joint
brief.

---

Before TACHA, MCWILLIAMS, and BALDOCK, Circuit Judges.

TACHA, Circuit Judge.

On February 21, 1992, Shane Duffee was struck by a car while riding his bicycle. By and through his guardian and next of friend Rose Thornton, Duffee sued Wal-Mart, Murray Ohio Manufacturing Company, and Shimano American, Inc., alleging warning, design, and manufacturing defects under negligence, strict liability, and warranty theories. The district court granted summary judgment in favor of Wal-Mart and Murray on all claims on February 8, 1995. The court granted summary judgment in favor of Shimano on all claims on July 24, 1995. After careful review of the record, we adopt the analysis of the district court's February 8, 1995, and July 24, 1995, orders.

In the February 8 order, the district court determined that testimony from Duffee's expert regarding the safety of the brakes on Duffee's bike was inadmissible under Daubert v. Merrell Dow Pharmaceuticals, Inc., 113 S. Ct. 2786 (1993). The only issue that this court must reach is the question of which standard should be used to review decisions to exclude expert testimony under Daubert that result in summary judgment. Ordinarily we review the grant or denial of summary judgment de novo. Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995). Evidentiary rulings, however, are generally reviewed for abuse of discretion. Hinds v. General Motors Corp., 988 F.2d 1039, 1047 (10th Cir. 1993). The Third and Eleventh

Circuits, while acknowledging that evidentiary rulings usually receive greater deference, have nonetheless held that "when the district court's exclusionary evidentiary rulings with respect to scientific opinion testimony will result in a summary or directed judgment, we will give them a 'hard look' (more stringent review) to determine if a district court has abused its discretion in excluding evidence as unreliable." In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 749-750 (3d Cir. 1994) (citation omitted); see Joiner v. General Elec. Co., 78 F.3d 524, 529 (11th Cir. 1996) (applying "a particularly stringent standard of review to the trial judge's exclusion of expert testimony.") The Seventh Circuit, on the other hand, has held that the trial judge's decision to exclude evidence under Daubert should be reviewed for abuse of discretion, even when that decision results in summary judgment. Buckner v. Sam's Club, Inc., 75 F.3d 290, 292-93 (7th Cir. 1996); see Rosen v. Ciba-Geigy Corp., 78 F.3d 316, 318 (7th Cir. 1996).

Daubert requires district judges to act as gatekeepers to ensure that scientific evidence is both relevant and reliable. Daubert, 113 S. Ct. at 2796-97. This entails two inquiries: whether the reasoning and methodology underlying the testimony is scientifically valid, and whether the reasoning and methodology can properly be applied to the facts. Id. at 2796. Like the Supreme Court, we "are confident that federal judges possess the capacity to undertake this review." Id. Their decisions, therefore, are properly reviewed under the traditional abuse of discretion standard.

In this case, the district judge found that the testimony of the plaintiff's expert was not supported by appropriate validation, and therefore was inadmissible under Daubert. After reviewing the record, we conclude that the district judge did not abuse his discretion by excluding this testimony.

We AFFIRM for substantially the reasons given by the district court and ORDER both of the district court's orders in this case to be published.