**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES B. SACKETT and
GWENDOLYN SACKETT,

Defendants-Appellants.

No. 96-2105

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-93-1471-M)

---

Submitted on the briefs:

John J. Kelly, United States Attorney, Manuel Lucero, Assistant U.S. Attorney,
Albuquerque, New Mexico, for Plaintiff-Appellee.

Bill Chappell, Jr., Frances C. Bassett, and Dana L. Cox, of Chappell & Barlow,
P.A., Albuquerque, New Mexico, for Defendants-Appellants.

---

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[*]

---

PER CURIAM.

---

[*] Honorable Michael Burrage, Chief Judge, United States District
Court for the Eastern District of Oklahoma, sitting by designation.

Defendants James B. Sackett and Gwendolyn Sackett appeal the district court's order granting summary judgment in favor of plaintiff. Defendants also challenge the district court's denial of their motion to reconsider and the award of attorney fees or, in the alternative, a surcharge pursuant to 28 U.S.C. § 3011 to plaintiff. We vacate the surcharge, and affirm the district court's judgment in all other respects.[1]

On June 30, 1980, defendants executed a promissory note in exchange for a loan from the Western Commerce Bank, formerly Commerce Bank and Trust (the bank). The loan was guaranteed by the Small Business Administration. When defendants failed to make payment pursuant to the note, the bank brought suit for collection in the Eddy County, New Mexico District Court. Thereafter, the bank and defendants entered into a Loan Revision Agreement whereby defendants agreed to various terms including a schedule of payments, and the bank agreed to dismiss the Eddy County court action. Defendants made several payments pursuant to the Loan Revision Agreement, but were in default for their failure to make the payment due on February 15, 1988. The loan was subsequently assigned to plaintiff, who instituted the underlying lawsuit on December 15, 1993.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendants claim they are not liable for the debt evidenced by either the original note or the Loan Revision Agreement on the grounds that the Loan Revision Agreement is unenforceable, and the statute of limitations has run on the note.

We review the grant of summary judgment de novo, applying the same standard as the district court. See Applied Genetics Int'l, Inc., v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991). We consider the record in the light most favorable to the non-moving party. See Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).

Defendants claim that disputed issues of material fact about whether the Loan Revision Agreement is enforceable preclude summary judgment. Defendants allege that the bank recorded a transcript of its Eddy County judgment after the date of the Loan Revision Agreement, thereby rendering the agreement void or unenforceable due to a failure of the bank's consideration. The bank later filed a release of the transcript of judgment.

The Loan Revision Agreement was an accord and satisfaction of the original debt. See Bennett v. Kisluk, 814 P.2d 89, 91 (N.M. 1991) ("Discharge of an existing contractual obligation or settlement of a cause of action by an accord

and satisfaction means (1) substituting an agreement (accord) for the obligation or cause of action, and (2) performing the substituted agreement (satisfaction).").
The bank satisfied its obligations under the accord and satisfaction by its substantial performance, even though there was a delay in recording the release of transcript of judgment. See National Old Line Ins. Co. v. Brown, 760 P.2d 775, 780 (N.M. 1988) (accord satisfied by substantial performance); see also Bank of New Mexico v. Priestley, 624 P.2d 511, 517 (N.M. 1981) ("[R]escission is not available where a breach of contract is not so substantial and fundamental as to defeat the object of the parties in making the contract."). Although defendants claim that the judgment was recorded in a second county and never released, there is nothing in the record to support this claim. Therefore, no disputed material facts prevent our finding the Loan Revision Agreement enforceable. Because we conclude that the Loan Revision Agreement was enforceable, we need not address whether defendants' post trial motion, raising this issue, was timely.

We turn to defendants' argument that the statute of limitations expired before this case was filed. The applicable statute of limitations, 28 U.S.C. § 2415(a), states:

> every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues . . . : Provided, That in the event of later partial payment or written acknowledgment of

-4-

debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment.

Defendants claim that the Loan Revision Agreement as a "written acknowledgment of [the] debt," and the payments made thereunder were partial payments as contemplated by § 2415(a). According to defendants, the last partial payment was made on June 19, 1987, causing the statute of limitations to run from that date, expiring in June of 1993, six months before this suit was filed.

Rather than an acknowledgment of the debt, however, the Loan Revision Agreement was a binding agreement supported by consideration to modify the terms of the original note. Cf. FDIC v. Petersen, 770 F.2d 141, 143 (10th Cir. 1985) (distinguishing agreement to extend note or replace note with new contract from acknowledgment or part payment of debt). Accordingly, the Loan Revision Agreement controls, and the date on which defendants defaulted under that agreement, February 15, 1988, is the date on which the statute of limitations began to run. This action filed December 15, 1993, within six years of defendant's default, was within the limitations period.

Finally, we address defendants' challenge to the award of attorney fees or, in the alternative, the surcharge imposed pursuant to 28 U.S.C. § 3011. Defendants invoke the doctrines of collateral estoppel and res judicata to exclude any attorney fees incurred by the bank because the bank's judgment in the Eddy

County case included its attorney fees, and there is no evidence that the bank ever vacated that judgment.

Contrary to defendants' argument, the release of transcript of judgment was evidence that the Eddy County judgment was set aside. See Appellants' App. at 47. Defendants produced no evidence to establish that the judgment remained in effect. Defendants may not resist summary judgment unless they "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Anderson v. Liberty Lobby Inc., 477 U.S. 242, 252 (1986)(more than a mere scintilla of evidence required to prevent summary judgment). Accordingly, because the attorney fees were authorized by the original promissory note, incorporated into the Loan Revision Agreement, see Appellants' App. at 167, we will not disturb the district court's award of attorney fees to plaintiff.

Defendants also challenge the surcharge imposed pursuant to 28 U.S.C. § 3011, as an alternative to the attorney fee award. Section 3011 provides:

> (a) Surcharge authorized. -- In an action or proceeding under subchapter B or C, and subject to subsection (b), the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt.

Subsection (b) directs that subsection (a) does not apply if attorney fees are awarded to the United States. Here, the district court awarded a surcharge as an

-6-

alternative to attorney fees. Therefore, we examine whether plaintiff is entitled to a surcharge.

Defendants argue that no surcharge can be awarded in this case because the underlying action was to obtain a judgment on a debt, and was not brought under subchapter B or C. Subchapter B pertains to prejudgment proceedings. See 28 U.S.C. §§ 3101-3105. Subchapter C pertains to postjudgment proceedings. See id. §§ 3201-3206. Without providing legal authority, the government argues that the surcharge should be affirmed.

"A statute's plain meaning must be enforced. . . ." United States Nat'l Bank of Oregon v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 454 (1993). To ascertain a statute's meaning, we must consider the language at issue in the context of the statute as a whole. See McCarthy v. Bronson, 500 U.S. 136, 139 (1991). The plain language of § 3011 makes it applicable only to prejudgment or postjudgment procedures. Any other reading would subject a debtor to the surcharge more than once for a single claim -- under subchapter A, §§ 3001-3015, in connection with the government's efforts to obtain a judgment, and again should the government pursue any prejudgment or postjudgment remedies under subchapters B or C. See United States v. Smith, 862 F. Supp. 257, 263 (D. Haw. 1994); United States v. Mauldin, 805 F. Supp. 35, 36 n. 5 (N.D. Ala. 1992). Consideration of the statute in the context of the entire chapter

does not indicate otherwise.  We therefore hold that a surcharge pursuant to § 3011 is not available in an action to obtain a judgment on a debt, but is instead limited to prejudgment or postjudgment actions or proceedings.  Accordingly, the district court's order providing for an alternative award of a § 3011 surcharge is VACATED.

The judgment of the United States District Court for the District of New Mexico is VACATED as to the surcharge imposed pursuant to 28 U.S.C. § 3011, and AFFIRMED in all other respects.