**In re Amanda HARRIS, also known as Amanda Harris–Combs, Debtor.**

**Amanda HARRIS, Plaintiff–Appellee,**

**v.**

**BENEFICIAL OKLAHOMA, INC., a Delaware corporation, Defendant–Appellant.**

BAP No. WO–97–002.
Bankruptcy No. 96–12669–BH.
Adversary No. 96–1319–BH.

United States Bankruptcy Appellate Panels of the Tenth Circuit.

July 9, 1997.

Randy L. Goodman, Midwest City, OK, for Defendant–Appellant.

G. Patrick Garrett, Oklahoma City, OK, for Plaintiff–Appellee.

Before PUSATERI, CLARK, and MATHESON, Bankruptcy Judges.

## OPINION

CLARK, Bankruptcy Judge.

Beneficial Oklahoma, Inc. ("Beneficial") appeals two orders of the United States Bankruptcy Court for the Western District of Oklahoma, one denying Beneficial's motion for summary judgment and one granting a cross-motion for summary judgment in favor of the Debtor. For the reasons set forth below, we conclude that the Bankruptcy Court properly denied Beneficial's motion for summary judgment, but erred in granting the Debtor's cross-motion for summary judgment. Accordingly, we affirm the Bankruptcy Court in part, reverse in part, and remand the case to the Bankruptcy Court for further proceedings.[1]

## APPELLATE JURISDICTION

■ This Court, with the consent of the parties, has jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1). Neither party has opted to have this appeal heard by the United States District Court for the Western District of Oklahoma and, therefore, they have consented to our jurisdiction. *Id.* at § 158(c); 10th Cir. BAP L.R. 8001–1(a) and (e).

■ Moreover, the orders subject to review in this appeal are appropriate for review under section 158(a)(1). Ordinarily, the denial of Beneficial's motion for summary judgment would not be an appealable final order because it does not dispose of the entire case but requires it to be resolved at trial. *See, e.g., Swint v. Chambers County Comm'n,* 514 U.S. 35, 40–43, 115 S.Ct. 1203, 1207–1208, 131 L.Ed.2d 60 (1995); *Schmidt v. Farm Credit Servs.,* 977 F.2d 511, 513 n. 3 (10th Cir.1992); *see also Quackenbush v. Allstate Ins. Co.,* — U.S. —, —, 116 S.Ct. 1712, 1718, 135 L.Ed.2d 1 (1996) "[A] decision is ordinarily considered final and appealable under [section 158(a)(1) ] only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). The Tenth Circuit has made clear, however, that:

---

1. After examining the briefs and appellate record, this Panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.

Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). The case is therefore ordered submitted without oral argument.

Where we reverse a summary judgment order in favor of one party, ... we will review the denial of the other party's cross-motion for summary judgment under the same standards applied by the [trial] court so long as it is clear that the party opposing the cross-motion had an opportunity to dispute the material facts.

*McIntosh v. Scottsdale Ins. Co.*, 992 F.2d 251, 253 (10th Cir.1993). Since we have determined that the order granting the Debtor's motion for summary judgment should be reversed, we will consider the order denying Beneficial's motion for summary judgment as the Debtor had an opportunity to dispute the facts asserted by Beneficial.

## STANDARD OF REVIEW

The grant or denial of summary judgment is reviewed *de novo*. We apply the same standard used by the Bankruptcy Court under Federal Rule of Civil Procedure 56, as made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056. *See, e.g., United States v. Sackett*, 114 F.3d 1050, 1051 (10th Cir.1997); *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir.1997); *Benavidez v. City of Albuquerque*, 101 F.3d 620, 623 (10th Cir.1996); *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir.1995); *Meredith v. Beech Aircraft Corp.*, 18 F.3d 890, 893 (10th Cir.1994).

The propriety of rulings on evidentiary matters, although decided in the summary judgment context, are reviewed for abuse of discretion. *Peck v. Horrocks Eng'rs, Inc.*, 106 F.3d 949, 956 (10th Cir.1997) (citing cases); *Duffee By and Through Thornton v. Murray Ohio Mfg. Co.*, 91 F.3d 1410, 1411 (10th Cir.1996).

## BACKGROUND

The chapter 7 Debtor commenced an adversary proceeding against Beneficial pursuant to 11 U.S.C. § 506(a) requesting a determination by the Bankruptcy Court "as to the validity and extent of the interest of Beneficial ... in certain property of the estate and Debtor." In her complaint, the Debtor alleged that Beneficial had asserted a claim against the Debtor that was "secured by a purchase money security interest in certain property of the estate[,]" and had filed an objection to the Debtor's claim of exemptions

wherein it asserted a secured claim against the "property of the estate and/or Debtor." To the extent that Beneficial's claim was found to be unsecured by the Bankruptcy Court, the Debtor sought to "avoid the asserted lien pursuant to 11 U.S.C. § 506(d)."

Beneficial admitted the allegations set forth in the Debtor's complaint, but stated in its answer "that it holds a purchase money security interest in property held by the plaintiff debtor." Shortly after filing its answer, Beneficial filed a motion for summary judgment. It submitted with its motion a brief to which were attached copies of various documents. The motion was not supported by any affidavits, and the documents attached to the brief were not part of the Bankruptcy Court's record or authenticated in any way. *See* W.D. Okla. LR 7.1(h) ("Factual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court"); Bankr.W.D. Okla. LR 1 (District Court rules apply).

The Debtor filed a response to Beneficial's motion for summary judgment and asserted a cross-motion. In her response brief, the Debtor argued that the "facts" asserted by Beneficial were not supported by evidence as required by Fed. R. Bankr.P. 7056, and even if they were, the "evidence" did not prove that Beneficial had a purchase money security interest in the Debtor's assets. In support of her cross-motion for summary judgment, the Debtor submitted an affidavit ("Debtor Affidavit") which stated in its entirety that:

I am the plaintiff in the above-captioned adversary proceeding. To the best of my knowledge, I have never signed any document which provided for a security interest in favor of Beneficial Oklahoma, Inc. covering goods purchased at either Ballenger's Furniture or Carpet World. Furthermore, to the best of my knowledge, I have never signed a document entitled "Bencharge Agreement."

After hearing argument on the parties' respective summary judgment motions, the Bankruptcy Court took the matter under advisement, giving the parties an opportunity to file supplemental pleadings. Beneficial

subsequently filed a supplemental brief in support of its motion for summary judgment. One of the documents attached to its supplemental brief was the affidavit of Chad Sampley, who was identified therein as the manager of one of Beneficial's offices ("Sampley Affidavit"). This Affidavit, which was the only affidavit filed by Beneficial, stated, in material part, that:

> Beneficial finances purchases for many retailers of consumer goods including Ballengers Furniture and Carpet World. Many retailers offer a deferred payment plan to allow a consumer 90, 180 or even 360 days to pay off the debt without interest. If the consumer decides to finance the purchase, we are the financing agency. Amanda Harris purchased furniture through Ballengers in 1994 and carpet through Carpet World in 1994. Ms. Harris did not pay the debt within the deferred time and Beneficial financed the purchases, taking a purchase money security interest in the goods purchased. Ms. Harris was aware and agreed to the purchase money security interest and signed a Beneficial Credit Line Account Agreement on October 18, 1994 and January 19, 1995. She signed both agreements in my presence and I accepted them on behalf of Beneficial. Ms. Harris was aware that Beneficial was financing her furniture and carpet purchase and was also aware she was granting Beneficial a purchase money security interest in the items she purchased.

In addition to the Sampley Affidavit, numerous documents were attached to Beneficial's supplemental brief. None of these documents, however, were specifically identified or authenticated in the Sampley Affidavit and they were not part of the Bankruptcy Court's record. The Debtor responded to Beneficial's supplemental brief, arguing, in large part, that the Bankruptcy Court should not consider the "facts" alleged by Beneficial therein because they were not admissible as evidence.

On December 11, 1996, the Bankruptcy Court entered an order denying Beneficial's motion for summary judgment, stating, in relevant part, that:

> Although given the opportunity, [Beneficial] has failed to provide affidavits necessary to support its claim that the doc-

uments it presents with its motion are admissible as evidence.

Fed. R. Bankr.P. 7056(e), which adopts Fed.R.Civ.P. 56(e), provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The rule further provides that "sworn or certified copies of all papers or parts thereof referred to in a affidavit shall be served therewith." Thus, if a party wishes to have its documents considered by the court, they must be admissible as evidence. In order to be admissible as evidence, a supporting affidavit must accompany the documents.

Based on this rationale, the Bankruptcy Court refused to consider the documents attached to Beneficial's briefs because they were not admissible evidence as they were not supported by an affidavit.

Five days after entering its order denying Beneficial's motion for summary judgment, the Bankruptcy Court entered a second order captioned as a "Supplemental Order Denying Defendant's Motion for Summary Judgment." In the supplemental order, the Bankruptcy Court granted the Debtor's cross-motion for summary judgment "[f]or the reasons contained in the court's order of December 11, 1996."

This appeal followed. Beneficial presents two issues to this Court on appeal: (1) whether the Bankruptcy Court erred in denying its motion for summary judgment; and (2) whether the Bankruptcy Court erred in granting the Debtor's cross-motion for summary judgment. Each issue is discussed below.

## DISCUSSION

Federal Rule of Civil Procedure 56(c), which is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides, in relevant part, that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); Fed. R. Bankr.P. 7056. When applying this standard, we are instructed to " 'examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.' " *Wolf,* 50 F.3d at 796 (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990)); *accord Sackett,* 114 F.3d at 1051. The Tenth Circuit has stated:

> While the movant bears the burden of showing the absence of a genuine issue of material fact, the movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim. If the movant carries this initial burden, the non-movant may not rest upon its pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.

*Wolf,* 50 F.3d at 796 (citations omitted) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Universal Money Ctrs., Inc. v. AT & T,* 22 F.3d 1527, 1529 (10th Cir.), *cert. denied,* 513 U.S. 1052, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994); *Applied Genetics,* 912 F.2d at 1241). With these legal standards in mind, we now turn to the merits of this case.

### *The Bankruptcy Court Did Not Err In Denying Beneficial's Motion For Summary Judgment*

The Bankruptcy Court denied Beneficial's motion for summary judgment because it was not supported by evidence that would be admissible at trial. For the reasons set forth below, this conclusion was correct.

■ Beneficial, as the moving party, had the burden to make a showing that there was a lack of evidence to support the Debtor's allegations that Beneficial did not have a lien upon either property of the estate or property of Debtor. *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. at 2553–54; *Wolf,* 50 F.3d at 796; *Thomas v. International Bus. Machs.,* 48 F.3d 478, 484 (10th Cir.1995). As such, Beneficial was required to show that there was no genuine issue as to any material fact regarding the existence of a security interest in property of the Debtor or of the estate.

Initially, Beneficial's motion for summary judgment was supported by a brief, attached to which were numerous unauthenticated documents. The Debtor responded to Beneficial's initial brief arguing, in large part, that Beneficial was not entitled to summary judgment because it failed to support its motion with admissible evidence. After being so instructed by the Bankruptcy Court, Beneficial filed a supplemental brief attached to which was the Sampley Affidavit and numerous documents. The Bankruptcy Court determined that it was not able to consider any of the documents attached to Beneficial's briefs because they would not be admissible as evidence at trial. While not addressed by the Bankruptcy Court, it obviously also concluded that the Sampley Affidavit, standing alone, was not sufficient to afford Beneficial summary judgment.

Beneficial, apparently recognizing on appeal that the Sampley Affidavit was not sufficient on its own, argues that Rule 56, by its terms, does not require that a motion for summary judgment be supported by an affidavit. Beneficial is correct in this assertion. Fed.R.Civ.P. 56(b)–(c); Fed. R. Bankr.P. 7056; *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. However, a summary judgment motion must be supported in such a way as to allow a bankruptcy court to credibly determine if there "is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Fed. R. Bankr.P. 7056. In this regard, a leading treatise on federal civil procedure states, in relevant part, that:

> The affidavits or other supporting papers to be submitted [in support of a summary judgment motion] are determined by the nature of the motion and the case at bar. Although affidavits are not strictly required by Rule 56 or case law, in practice they are usually necessary to obtain summary judgment.... [I]t makes sense to distinguish between affidavits that primarily give testimony and affidavits that are used primarily to introduce documents so that the court may consider the docu-

ments in determining whether material factual matter is genuinely in dispute. A party seeking to rely on material other than affidavits to obtain summary judgment may nonetheless need to use an affidavit to place these materials before the court and into the official record.

Materials supporting or opposing a summary judgment motion generally may be submitted to the court in one of three ways:

. . . .

(3) Finally, there are extra-record documents that are not part of the case (e.g., a land deed not produced in discovery). *Unless this type of extra-record document is self-authenticating and intrinsically trustworthy on its face (a rare situation), this type of document must be introduced by affidavit to ensure its consideration by the court.*

. . . .

Documentary evidence that is authenticated and constitutes admissible evidence may be presented in support of a summary judgment motion. Unauthenticated documents, once challenged, cannot be considered by a court in determining a summary judgment motion. In order for documents not yet part of the court record to be considered by a court in support of or in opposition to a summary judgment motion they must meet a two-prong test: (1) the document must be attached to and authenticated by an affidavit which conforms to Rule 56(e); and (2) the affiant must be a competent witness through whom the document can be received into evidence. . . .

Documentary evidence for which a proper foundation has not been laid cannot support a summary judgment motion, even if the documents in question are highly probative of a central and essential issue in the case.

11 James Wm. Moore et al., *Moore's Federal Practice* §§ 56.10[4][c][i] & 56.14[2][c] (3d ed.1997) (footnotes omitted) (emphasis added); *accord School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1261–1262 (9th Cir.1993) (failure to attach contracts referred to in affidavit testimony supported trial court's determination to deny summary judgment),

*cert. denied,* 512 U.S. 1236, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994); *Investors Credit Corp. v. Batie (In re Batie),* 995 F.2d 85, 89 (6th Cir.1993) ("[D]ocuments ... [that] are not part of the 'pleading, depositions, answers to interrogatories, and admissions on file,' can only enter the record as attachments to an appropriate affidavit to constitute a basis for summary judgment."); *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir.1987) ("It is well settled that unauthenticated documents cannot be considered on a motion for summary judgment. In order to be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.' This court has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment.") (alteration in original) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2722 at 58–60 (2d ed.1983) (footnotes omitted)); *Wells v. Franzen,* 777 F.2d 1258, 1262 (7th Cir.1985) (photocopies of handwritten notes unaccompanied by affidavits or other means of authentication may not be considered in connection with summary judgment motion); *Ag Credit v. Walton (In re Walton),* 158 B.R. 948, 951 (Bankr. N.D.Ohio 1993) (court refused to consider agreements attached to summary judgment brief which were not entered into the record as an attachment to an affidavit); *see Starr v. Pearle Vision, Inc.,* 54 F.3d 1548, 1555 (10th Cir.1995) (as in affidavits, use of inadmissible hearsay testimony in deposition is not permitted under Rule 56); *Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1526 n. 11 (10th Cir.1992) ("In opposing a motion for summary judgment, the nonmovant must make a showing that, 'if reduced to admissible evidence,' would be sufficient to carry the nonmovant's burden of proof at trial." (quoting *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555)), *quoted in Thomas,* 48 F.3d at 485.

■ It was necessary for the documents submitted by Beneficial to be attached to an affidavit and authenticated therein. The admissibility of these documents was objected

to by the Debtor, the documents were not part of the Bankruptcy Court's record prior to Beneficial's summary judgment motion, and the documents, which appear to be copies of credit applications and credit agreements, are not self-authenticating and not intrinsically trustworthy. The Bankruptcy Court had no way to test the genuineness of the documents as they were in no way identified by a witness for Beneficial. Accordingly, the Bankruptcy Court did not abuse its discretion in refusing to consider them.

Beneficial argues that the unauthenticated documents were sufficient "evidence" in support of its motion for summary judgment because: (1) Rule 903 of the Federal Rules of Evidence provides that the testimony of a subscribing witness is not necessary to authenticate a writing; and (2) the documents are admissible evidence as business records. These arguments are incorrect.

■ Rule 903 provides that "[t]he testimony of a subscribing witness is not necessary to authenticate a writing unless required by the laws of the jurisdiction whose laws govern the validity of the writing." Fed.R.Evid. 903. This Rule, which applies to authentication by a subscribing witness, or "a person who at the request or with the consent of the maker places his [or her] name on the document for the purpose of making thereby an implied or expressed statement that the document was then known by him [or her] to have been executed by the purported maker[,]" does not obviate the need to authenticate a document *at all.* Barry Russell, *Bankruptcy Evidence Manual,* § 903.1 (West 1996–97 ed.) Indeed, Rule 901 makes authentication a condition precedent to admissibility that can be "satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a); *see Citibank South Dakota v. Dougherty (In re Dougherty),* 84 B.R. 653, 655 (9th Cir. BAP 1988) ("The essential question for authentication purposes is whether a reasonable jury could conclude that the evidence is what its proponent claims it is.").

■ Beneficial's argument that the documents attached to its briefs are admissible as business records is totally unavailing. No foundation was provided to the Bankruptcy Court to establish that the documents were the business records of anyone. Moreover, even if such foundation had been laid, business records are not self-authenticating. *See* Fed.R.Evid. 902.

Having concluded that the Bankruptcy Court did not abuse its discretion in refusing to consider the documents attached to Beneficial's briefs, we must determine if the Court nevertheless erred in denying summary judgment based on the assertions made in the Sampley Affidavit. We conclude that the Bankruptcy Court did not err.

■ Rule 56(e) provides, in relevant part, that:

> Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Fed.R.Civ.P. 56(e) (emphasis added); Fed. R. Bankr.P. 7056. Based on this rule, hearsay and conclusory statements lacking foundation that would not be admissible at trial may not properly be included in a supporting affidavit. *See Starr,* 54 F.3d at 1555 (as in affidavits, use of inadmissible hearsay testimony in deposition is not permitted under Rule 56); *Committee for the First Amendment,* 962 F.2d at 1526 n. 11 (recognizing that admissible evidence will be considered). Furthermore, an affidavit containing conclusionary allegations without specific supporting facts lacks probative value. *Thomas,* 48 F.3d at 485.

■ The material facts alleged in the Sampley Affidavit, *i.e.,* that the Debtor made certain purchases and that Beneficial obtained a purchase money security interest in the goods purchased, would not be admissible evidence as required under Rule 56(e) and lack probative value. The Sampley Affidavit provides insufficient foundation to identify why Mr. Sampley was aware of any purchases made by the Debtor. Mr. Sampley's statement that Beneficial financed the Debtor's purchases "taking a purchase money security interest in the goods purchased" would not be admissible as evidence because it was

made without foundation and it is a legal conclusion. Moreover, Beneficial's security interest in the Debtor's assets, if it exists, must be set forth in writing. Okla. Stat. tit. 12A, § 9–203(1)(a). The testimony of Mr. Sampley concerning the provisions of such a writing would clearly be inadmissable hearsay. *See School Dist. No. 1J,* 5 F.3d at 1262 (affidavit testimony referring to documents not attached to the affidavit was properly excluded as evidence in opposition to summary judgment motion). While Mr. Sampley states that the Debtor signed a "Beneficial Credit Line Account Agreement," he does not identify any of the documents attached to Beneficial's briefs as that Agreement.

Beneficial failed to meet its initial burden of showing that there existed no genuine issue of material fact regarding the existence of a security interest in the property of the Debtor or of the estate. As such, the Bankruptcy Court did not err in denying its summary judgment motion.

### *The Bankruptcy Court Erred In Granting Summary Judgment In Favor Of The Debtor*

■ The Bankruptcy Court granted the Debtor's cross-motion for summary judgment for the reasons set forth in its order denying Beneficial's motion for summary judgment. As discussed above, the Bankruptcy Court denied Beneficial's summary judgment motion because it was unsupported by admissible evidence. The fact that Beneficial failed to properly support its motion, however, is not a basis to support the granting of the Debtor's cross-motion. The Debtor's cross-motion must independently satisfy the requirements of Rule 56(c). *See Renfro v. City of Emporia,* 948 F.2d 1529, 1534 (10th

Cir.1991) (cross-motion for summary judgment does not relieve court of obligation to determine if genuine issue of material fact exists); *SEC v. American Commodity Exch., Inc.,* 546 F.2d 1361, 1365 (10th Cir.1976) (while cross-motions raises inference that summary judgment is appropriate, it "does not result in any waiver of judicial determination of whether a material issue of fact exists on either side of the case.") Thus, the Debtor, as the moving party, had the burden to show that there was no genuine issue of material fact regarding the non-existence of a security interest by Beneficial.

■ The Debtor filed the Debtor Affidavit in support of her cross-motion for summary judgment, the contents of which are set forth above. Viewing the Debtor Affidavit, in a light most favorable to Beneficial, the nonmoving party, it simply does not provide sufficient information to allow the Bankruptcy Court to grant the Debtor summary judgment.[2]

To grant summary judgment in favor of the Debtor, the Bankruptcy Court must have determined, viewing the record in the light most favorable to Beneficial, that there existed no genuine issue of material fact that Beneficial did not have a security interest in the property of the estate or the Debtor. Yet, the Debtor Affidavit merely states that "to the best of [her] knowledge" she never signed a document which provided for a security interest in favor of Beneficial, and that she never signed a document entitled "Bencharge Agreement." Countering the Debtor Affidavit is the Sampley Affidavit,[3] which states that the Debtor signed some type of agreement in Mr. Sampley's presence. Although, as discussed above, the Sampley Affidavit contains many inadmissible state-

---

**2.** The parties have not addressed whether the chapter 7 Debtor is entitled to seek relief of the nature requested under section 506 of the Bankruptcy Code in light of *Dewsnup v. Timm (In re Dewsnup),* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Because this issue has not been raised, we will not address it in this appeal.

Beneficial, both in this appeal and before the Bankruptcy Court, expended numerous pages of rhetoric arguing the question of whether its interest is in the nature of a "purchase money" security interest. The resolution of that question has no significance under section 506 of the Bankruptcy Code, and would only be relevant if

the Debtor were seeking relief under section 522(f)(1)(B) of the Bankruptcy Code. However, nothing was presented to the Bankruptcy Court to establish that the property encumbered by the asserted security interest is of a type that would be subject to a claim of exemption nor was section 522 argued as a basis for the granting of any relief.

**3.** Although the Sampley Affidavit does not contain sufficient evidence to support Beneficial's motion for summary judgment, it should, to the extent that it contains admissible evidence, be considered as a counter affidavit to the Debtor

ments, Mr. Sampley's statement that he saw the Debtor sign an agreement would be admissible. Based on these facts, viewed in a light most favorable to Beneficial, the Bankruptcy Court erred in granting the Debtor summary judgment.

## CONCLUSION

Having considered the issues presented and for the reasons stated herein, the Bankruptcy Court's order denying Beneficial's motion for summary judgment is AFFIRMED, and the Bankruptcy Court's order granting the Debtor's cross-motion for summary judgment is REVERSED. This case is remanded to the Bankruptcy Court for further proceedings.

MATHESON, Bankruptcy Judge,
concurring in part and dissenting in part.

I concur in that portion of the opinion that affirms the order of the Bankruptcy Court denying Beneficial's motion for summary judgment. I respectfully, and regretfully, dissent from that portion of the opinion that reverses and remands the Bankruptcy Court's order granting the Debtor's motion for summary judgment. For the reasons hereafter stated, I would affirm the judgment of the Bankruptcy Court.

In affirming the denial of Beneficial's motion for summary judgment, the majority correctly concludes that the Sampley Affidavit presents no admissible evidence in support of Beneficial's motion for summary judgment. In my view, the majority then incorrectly concludes that the Sampley Affidavit is sufficient to create a factual dispute on the Debtor's motion because "Mr. Sampley's statement that he saw the Debtor sign an agreement would be admissible."

Taken at its best, the Sampley Affidavit tells us that Mr. Sampley saw the Debtor sign *something*. For Mr. Sampley to venture beyond that he must, of necessity, tell us something about the contents of the document he saw the Debtor sign. Such testimony would be hearsay. Fed.R.Evid. 801.

The Debtor's affidavit avers that she "never signed any document which provided for a security interest in favor of Beneficial.... Furthermore, to the best of my knowledge, I have never signed a document entitled 'Bencharge Agreement'." She does not state that she did not sign anything at all.

It is appropriate to grant a motion for summary judgment in the absence of a dispute over a "material" fact. Fed. R. Bankr.P. 7054. Disputes as to non-material facts are not important and do not bar the entry of summary judgment. *Kaiser–Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563 (10th Cir.1989). In this case, whether the Debtor signed "something" is not material. What is material is whether the Debtor signed a security agreement giving Beneficial a security interest in the Debtor's property. The Debtor has said, under oath, that she did not.[1] Viewed in a light most favorable to Beneficial, I do not believe that the Sampley Affidavit controverts the Debtor's testimony. Accordingly, I would affirm.

---

Affidavit as it was filed after the Debtor Affidavit as part of Beneficial's supplemental pleadings.

1. Arguably, the Debtor's negative testimony (that she did not sign a security agreement) is itself hearsay. However, Beneficial raised no evidentiary objections to the Debtor's affidavit. Thus, no error can be predicated on the court's reliance on the affidavit. Fed.R.Evid. 103(a)(1). By contrast, the Debtor timely raised objections to the evidence Beneficial sought to present by the Sampley Affidavit and otherwise.