**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 5 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

VICKI S. GREEN,

      Plaintiff-Appellant,

v.

MARVIN T. RUNYON, United States
Postmaster General,

      Defendant-Appellee.

No. 97-6074
(D.C. No. 95-CV-1429)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Vicki S. Green appeals from the district court order granting summary judgment in favor of defendant on her claims brought pursuant to Title VII, 42 U.S.C. §§ 2000e through 2000e-17. Because the parties are familiar with the facts, they will not be repeated here. In granting summary judgment, the district court found that, with respect to her sexual harassment claim, (1) plaintiff failed "to establish that the alleged harassment was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment," Appellant's App. at 429, and (2) plaintiff presented "no evidence that defendant failed to take sufficient disciplinary and remedial action in response to her complaint," id. With respect to plaintiff's retaliation claim, the court found that (1) as a matter of law, a threatened letter of warning was not an adverse employment action, see id. at 430, and (2) plaintiff failed to demonstrate that defendant's reason behind the change in her job responsibilities was a mere pretext for discrimination.[1]

We review the grant of summary judgment de novo, applying the same standard as the district court. See Notari v. Denver Water Dep't, 971 F.2d 585,

_____

[1] In considering defendant's motion for summary judgment, the district court found compelling defendant's argument that the only issues properly exhausted were the limited ones included in plaintiff's EEO complaints rather than the broader ones raised in her amended complaint. The court found, however, that even "to the extent plaintiff's claims may be said to reasonably relate to other allegedly unlawful conduct," plaintiff's evidence was insufficient to establish her claims of discrimination and retaliation. See Appellant's App. at 427.

587 (10th Cir. 1992). Summary judgment is appropriate where there are no genuinely disputed material facts and the moving party is entitled to a judgment as a matter of law. See United States v. Sackett, 114 F.3d 1050, 1051 (10th Cir. 1997). Having carefully reviewed the record in the light most favorable to plaintiff, see id., we affirm for substantially the reasons given by the district court.

Plaintiff also maintains that the district court erred in denying her "Motion to Reconsider and Vacate Summary Judgment to Allow Plaintiff Additional Time to Submit Evidence." We review the denial of plaintiff's motion for post-judgment relief under Fed. R. Civ. P. 59 and 60 for abuse of discretion. See Buchanan v. Sherrill, 51 F.3d 227, 230 (10th Cir. 1995). Plaintiff argues that certain evidence was unavailable until after summary judgment was granted, but submits supporting affidavits which include only conclusory statements concerning counsel's due diligence and the fear of retaliation which purportedly prevented co-employees from coming forward before judgment but not after. On this record, we cannot conclude that the district court abused its discretion in denying plaintiff's post-judgment motion.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge