**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SUSAN SCHLUSSLER-WOMACK,
an individual,

Plaintiff-Appellant,

v.

CHICKASAW TECHNOLOGY
PRODUCTS INC., doing business as
Apigent Solutions Inc., an Oklahoma
corporation; CHICKASAW HOLDING
COMPANY, an Oklahoma
corporation,

Defendants-Appellees.

No. 03-6312
(D.C. No. 02-CV-1695-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Susan Schlussler-Womack appeals the district court's grant of summary judgment to Chickasaw Holding Company (Chickasaw) and denial of her motion for reconsideration. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

*Background*

Ms. Schlussler-Womack was employed by Chickasaw Technology Products, Inc., a company doing business as Apigent Solutions, Inc. (Apigent). In late 2001, Apigent announced that it planned to make changes to its Employee Stock Ownership Plan and Trust that would result in employees losing their unvested benefits. At an initial meeting on November 9 and a second meeting on December 6, Ms. Schlussler-Womack questioned management about employees' legal rights and the anticipated changes. On December 7, she informed the Human Resource Manager that she was not satisfied with management's explanations and that she was seeking outside assistance. On December 10, within hours after she discussed the situation with some outside contacts, her employment was terminated effective immediately, and she was escorted off the property.

Ms. Schlussler-Womack sued Apigent, alleging that her employment was terminated because she questioned Apigent's administration of the Employee

Stock Ownership Plan, and such retaliation was in violation of the Employee Retirement Income Security Act of 1974 (ERISA). She also named Chickasaw as a defendant, alleging that Chickasaw was Apigent's parent and alter ego, and therefore it was responsible for Apigent's ERISA violations. Apigent filed for bankruptcy two days after the filing of Ms. Schlussler-Womack's complaint, and it was never served in this action.

Rather than filing an answer, Chickasaw filed a motion for summary judgment arguing that it was separate from Apigent and not vicariously liable for Apigent's actions. In response, Ms. Schlussler-Womack stated that the case was in its initial stages and that she had not yet been able to pursue discovery, so she had insufficient information to admit or deny all but one of Chickasaw's purported undisputed facts. She argued that Chickasaw's motion should be denied because, in other litigations involving other employees, Chickasaw had failed to distinguish itself from Apigent. In support of this argument, she attached the filings containing the alleged admissions. [1] In the alternative, she

---

[1]      Specifically, the alleged admissions are:  (1) on July 25, 2001, another employee brought an employment discrimination action against "Chickasaw Holding Company d/b/a Apigent Solutions" and alleged that Apigent was "a division of Chickasaw Holding."  R. at 39-40, caption and ¶ 7.  In its answer, Chickasaw identified itself as "Chickasaw Holding Company, d/b/a Apigent Solutions" and admitted the allegations of paragraph 7 "based on Defendant's available information, knowledge and belief at the present time,"  R. at 42, intro. and ¶ 2; and (2) a former officer of Chickasaw alleged in a complaint dated
(continued...)

argued that summary judgment was improper until she could conduct discovery. Although the latter argument was based on Federal Rule of Civil Procedure 56(f), she did not attach an affidavit as required by that rule, and she did not make specific allegations concerning the discovery she wanted to pursue.

The district court held that Ms. Schlussler-Womack's attachments failed to satisfy W.D. Okla. LCvR 7.2(h), [2] and so they would not be considered. In addition, the district court held that Ms. Schlussler-Womack had not supported her request for a continuance with an affidavit, as required by Federal Rule of Civil Procedure 56(f), and so she would not be allowed to invoke that rule. As a result, under W.D. Okla. LCvR 56.1(c), [3] the district court deemed all of Chickasaw's proposed undisputed facts undenied (and therefore admitted), and granted Chickasaw's motion for summary judgment. The district court

---

[1](...continued)
May 10, 2001, that Chickasaw's principal office was located at 5 N. McCormick in Oklahoma City, R. 44 at ¶ 2, and Chickasaw admitted the allegations of paragraph 2. R. 46, ¶ 2. In Ms. Schlussler-Womack's suit in January 2003, Chickasaw asserted that its office was located in Sulphur, Oklahoma. R. 22, ¶ 10.

[2]     W.D. Okla. LCvR 7.2(h) states, "[f]actual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court."

[3]     In pertinent part, W.D. Okla. LCvR 56.1(c) states, "[a]ll material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party."

-4-

subsequently denied Ms. Schlussler-Womack's motion for reconsideration. Ms. Schlussler-Womack appeals.

## *Analysis*

### Summary Judgment

We review the district court's grant of summary judgment de novo. *Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 882 (10th Cir. 1997). We review its decision to exclude evidence, its application of its local rules, and its denial of a Rule 56(f) motion for abuse of discretion. *Id.* at 894 (excluding evidence); *Hernandez v. George*, 793 F.2d 264, 268 (10th Cir. 1986) (local rules); *Comm. for the First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (Rule 56(f)). "Under the law of this circuit, judicial action which is arbitrary, capricious, or whimsical . . . [or a] ruling based on an erroneous view of the law or on a clearly erroneous assessment of the evidence . . . constitute[s] an abuse of discretion." *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000) (citations and quotations omitted).

The district court's disregard of Ms. Schlussler-Womack's attachments under LCvR 7.2(h) was not an abuse of discretion. Other than counsel's statements in the brief, Ms. Schlussler-Womack provided nothing to authenticate or establish a foundation for her attachments, and therefore they were not established to be admissible evidence. *See Harris v. Beneficial Okla., Inc. (In re*

*Harris)*, 209 B.R. 990, 993, 995-97 (B.A.P. 10th Cir. 1997) ("The Bankruptcy Court had no way to test the genuineness of the documents as they were in no way identified by a witness for [the offering party]. Accordingly, the Bankruptcy Court did not abuse its discretion in refusing to consider them.").

Further, Ms. Schlussler-Womack admittedly failed to fulfill the requirements of Rule 56(f) by not attaching an affidavit in support of her request for a continuance. The district court could have excused her failure and exercised its discretion to grant her a continuance. But it did not, and its declining to excuse her non-compliance was not an abuse of its discretion. *Carr v. Castle*, 337 F.3d 1221, 1233 (10th Cir. 2003); *Comm. for the First Amend.*, 962 F.2d at 1522; *see also Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986) ("Rule 56(f) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable; the opposing party must demonstrate how additional time will enable him to rebut movant's allegations of no genuine issue of fact.") (citation and quotation omitted). Similarly, the district court did not abuse its discretion in relying on LCvR 56.1(c) to deem the bulk of Chickasaw's facts unopposed and admitted. *See Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 856 (10th Cir. 1999).

Ms. Schlussler-Womack failed to bear her burden to oppose Chickasaw's motion for summary judgment. Even if her attachments were considered, she presented no more than minimal evidence to counter the admitted facts: one filing indicated that, eighteen months before Ms. Schlussler-Womack's case, Apigent and Chickasaw had the same office address, and the other indicated that Apigent was a division of Chickasaw, "based on Defendant's available information, knowledge and belief at the present time." R. at 42, ¶ 2. When compared against the facts deemed to be admitted (including that the management of the two companies were separate, they maintained separate payrolls, accounting systems, financial accounts, minute books, and corporate records, they conducted separate meetings of their boards of directors, and that Chickasaw was not the trustee or administrator of Ms. Schlussler-Womack's Employee Stock Option Plan, R. at 11), the two pieces of information offered by Ms. Schlussler-Womack did not suffice to create a genuine issue of material fact as to whether Chickasaw was the alter ego of Apigent. As we have previously held:

> The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is "genuine"; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant.

*Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). The district court did not err in granting Chickasaw's motion for summary judgment.

We review the district court's denial of Rule 59(e) and Rule 60(b) motions for abuse of discretion. *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Given that the district court's denial of Ms. Schlussler-Womack's motion to reconsider was clearly identified as an issue on appeal, we decline to accept Chickasaw's invitation to find a waiver of this issue, and instead we consider the merits.

Ms. Schlussler-Womack argued that her motion to reconsider was "legitimate and authorized under Fed. R. Civ. P. 59(e) and 60(b), based on the inadvertence of counsel." R. at 60, ¶ 1. She further stated that a Rule 56(f) affidavit was not originally provided due to "an oversight of counsel," R. 61, ¶ 3, and she attached an affidavit to her motion. R. at 64-65.

Only limited grounds support a Rule 59(e) motion. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (holding that Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence"); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995) (noting that the requirements for motions for reconsideration are "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice"). These factors are not present here. Moreover, it was within the court's discretion

to deny relief under Rule 60(b)(1) in these circumstances, given that counsel failed to follow the plain language of Rule 56(f).     *Cf. United States v. Torres*, 372 F.3d 1159, 1163-64 (10th Cir. 2004) (holding that counsel's failure to follow an unambiguous rule does not constitute "excusable neglect" under Fed. R. App. P. 4(b)(4)).     Therefore, it was not an abuse of discretion for the district court to deny the motion to reconsider.

The judgment of the district court is AFFIRMED.


Entered for the Court


John C. Porfilio
Circuit Judge