**UNITED STATES OF AMERICA, Plaintiff–Appellee,**

v.

**Peter Joseph ZHARN, Defendant–Appellant.**

**No. 00–1840.**

United States Court of Appeals, Sixth Circuit.

April 30, 2001.

Before BOGGS and CLAY, Circuit Judges; GWIN, District Judge.*

*ORDER*

Peter Joseph Zharn, a pro se Michigan resident, appeals a district court order granting summary judgment for the United States in the government's attempt to recover on defaulted promissory notes. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, the United States sued Zharn to recover $27,159.44 for student loans which Zharn had obtained from the Department of Education. The United States moved for summary judgment. The motion was set for a hearing and Zharn failed to appear. The dis-

trict court subsequently granted summary judgment for the United States.

In his timely appeal, Zharn's cryptic brief is construed as arguing that genuine issues of fact prevented the grant of summary judgment for the United States, that he was entitled to class certification, that the United States Attorney and the Department of Education failed to follow their own administrative procedures, and that he is entitled to an award of attorneys fees under the Social Security Act.

The district court's order is reviewed de novo. *See Summar ex. rel. Summar v. Bennett*, 157 F.3d 1054, 1057 (6th Cir. 1998).

The United States is entitled to summary judgment. The undisputed facts establish that on February 18, 1986, October 2, 1986, September 18, 1987, November 2, 1987, and November 4, 1987, Zharn executed promissory notes guaranteed by the California Student Aid Commission, then reinsured by the United States Department of Education. Zharn subsequently defaulted on the notes. The total of principal and interest owed was $23,428.24. Further, under 28 U.S.C. § 3011, the government was entitled to a surcharge of ten percent. With prejudgment interest, the resulting total owed was $27,159.44. Zharn did not deny the existence of the notes or the default. As the facts established that Zharn signed the promissory notes and defaulted in their payment, the district court did not err in granting summary judgment to the United States.

Finally, in his reply brief, Zharn raises for the first time civil rights claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1988, along with charges of conflict of interest. He seeks punitive damages in excess of $600,000,000.00. As these issues were not raised in Zharn's appellate brief, they are not reviewable. *See United*

*States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir.1993).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.