RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0162p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

                    *Plaintiff-Appellee*,

    *v.*

SUSAN M. PIOCH,

                *Defendant-Appellant*.

No. 19-3919

Appeal from the United States District Court for the Northern District of Ohio at Toledo.
No. 3:14-cr-00403-1—James G. Carr, District Judge.

Decided and Filed: July 19, 2021

Before: SILER, MOORE, and DONALD, Circuit Judges.

─────────────

## COUNSEL

**ON BRIEF:** John F. Potts, LAW OFFICE OF JOHN F. POTTS, Toledo, Ohio, for Appellant. Suzana K. Koch, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

─────────────

## OPINION

─────────────

KAREN NELSON MOORE, Circuit Judge. This case requires us to interpret the serpentine language of 28 U.S.C. § 3011(a), which entitles the United States to recover a surcharge from Susan Pioch of 10% of . . . something. The Government wants to apply the 10% surcharge to the two-million-plus dollars of debt that Pioch owes on a judgment in a criminal case. Pioch insists that the Government can apply the 10% surcharge to just $367,681.47, which

is the amount involved in a garnishment of two of her financial accounts in partial satisfaction of the judgment's outstanding balance.

We conclude that the Government can apply the 10% surcharge to the two-million-plus-dollars outstanding on the judgment. First, under § 3011(a), when the Government initiates an action or proceeding under Federal Debt Collection Procedures Act subchapter B or C to recover debt owed to the United States, the United States is entitled to recover a surcharge of 10% of the outstanding debt. Second, the debt must be paid off before the United States may collect the § 3011(a) surcharge. Finally, the § 3011(a) surcharge is an amount to be added to, not subtracted from, the judgment. We thus **VACATE** and **REMAND** for further proceedings consistent with this opinion.

## I. BACKGROUND

Susan Pioch and two codefendants were convicted of crimes arising from their scheme to defraud the multimillion-dollar estate of an elderly widower. *See United States v. Mallory*, 902 F.3d 584, 588–89 (6th Cir. 2018). A third person was convicted and sentenced in Arizona. *See id.* at 590.

The district court sentenced Pioch to 111 months of imprisonment and imposed on Pioch a special assessment of $3,700 and restitution of $2,037,783.30. R. 380 (Judgment at 3, 7) (Page ID #6116, 6120). Pioch shares joint-and-several liability with her codefendants for $1,990,342.76 of the restitution, which is to be paid to James McLaughlin, the sole living heir of the defrauded victim, pursuant to the Mandatory Victims Restitution Act of 1996 (MVRA), Pub. L. No. 104-132, Title II, Subtitle A, § 206(a), 110 Stat. 1227, 1235 (codified at 18 U.S.C. § 3664(i)). R. 380 (Judgment at 7–9) (Page ID #6120–22) (citing 18 U.S.C. § 3664(i)); R. 426 (4/19/18 Response at 2) (Page ID #6424). Pioch personally owes the remaining $47,440.54 in restitution to the Internal Revenue Service (IRS). R. 380 (Judgment at 8–9) (Page ID #6121–22). Thus, Pioch is liable for a total of $2,041,483.30 for the assessment and restitution. The district court ordered Pioch to liquidate eleven investment accounts and annuities totaling $467,188.50 in partial payment of her restitution obligations. *Id.* at 10 (Page ID #6123).

The Government applied for writs to garnish $367,681.48 from two of Pioch's accounts that were not part of the original list of eleven accounts. In these applications, the Government stated that $2,091.48 of the debt had been paid off but did not clarify whether the $2,091.48 was applied towards the assessment, the restitution due to the IRS, or the restitution due to McLaughlin. Invoking the Federal Debt Collection Procedures Act of 1990 (FDCPA), Pub. L. No. 101-647, Title XXXVI, Subtitle A, § 3611, 104 Stat. 4933, 4937–38 (codified at 28 U.S.C. § 3011(a)), the Government requested a 10% surcharge amounting to $204,148.33 (i.e., 10% of the original balance of $2,041,483.30). R. 413 (Application #1 at 1–2 & n.1) (Page ID #6350–51); R. 415 (Application #2 at 1–2 & n.1) (Page ID #6363–64); R. 423 (Proposed Order #1 at 1–2) (Page ID #6417–18); R. 424 (Proposed Order #2 at 1–2) (Page ID #6419–20). Over Pioch's objections, the district court granted the applications for writ of garnishment and the surcharge request. *See United States v. Pioch*, No. 3:14CR403, 2019 WL 4305773, at *1 (N.D. Ohio Sept. 11, 2019).

Pioch timely appealed. She argues that the surcharge should be calculated based on the "debt" that the United States "actually recover[s] through enforcement of a collection remedy" (i.e., 10% of the $367,681.48 subject to garnishment) and not the total debt resulting from her crimes (i.e., 10% of the $2,041,483.30 judgment). Appellant's Br. at 12. The Government has slightly shifted gears on appeal. The Government no longer seeks a 10% surcharge applied to the $2,041,483.30 judgment. Rather, the Government explains, the surcharge applies to the debt outstanding when the garnishment applications were filed. *See* Appellee's Br. at 4 n.1. The Government thus seeks a surcharge of $203,939.18, which is 10% of the $2,039,391.82 that Pioch owed when the garnishment applications were filed. *See id.* at 4–5 & nn.1, 2.

## II. ANALYSIS

We review de novo the district court's interpretation of the FDCPA. *See United States v. Shafer*, 573 F.3d 267, 272 (6th Cir. 2009).

We begin with § 3011(a)'s text. *See id.* Section 3011(a), found in FDCPA subchapter A, provides that "[i]n an action or proceeding under subchapter B or C, and subject to subsection (b), the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in

connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt." 28 U.S.C. § 3011(a).

FDCPA subchapter B lists prejudgment remedies; subchapter C lists postjudgment remedies. *See id.* §§ 3101–3105; 3201–3206. Thus, "[t]he plain language of § 3011 makes it applicable only to prejudgment or postjudgment procedures." *United States v. Sackett*, 114 F.3d 1050, 1053 (10th Cir. 1997). Garnishment is listed as both a prejudgment and a postjudgment remedy. 28 U.S.C. §§ 3104; 3205. Because the Government applied postjudgment to garnish two of Pioch's accounts, § 3011(a) applies here. Section 3011(b) supplies two exceptions to § 3011(a)'s rule, neither of which is relevant to this case.

According to the next phrase of § 3011(a), the United States is "entitled" to recover a 10% surcharge of "the amount of the debt in connection with the recovery of the debt." In relevant part, 28 U.S.C. § 3002(3)(B) defines "debt" as "an amount that is owing to the United States on account of . . . [an] assessment, . . . restitution, [or] recovery of a cost incurred by the United States, or other source of indebtedness to the United States, . . ."[1] Of course, restitution in a criminal case is often owed to a victim who is not the United States. Here, for example, Pioch jointly and severally owes $1,990,342.76 to McLaughlin. Notwithstanding, the FDCPA deems the outstanding balance on a judgment of restitution arising in a criminal case to be "an amount that is owing to the United States" for § 3002(3)(B) purposes. *See* 28 U.S.C. § 3003(b)(2) ("This chapter shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law . . . to collect any fine, penalty, assessment, *restitution*, or forfeiture arising in a criminal case." (emphasis added)). Returning to § 3002(3)(B)'s definition of "debt," the plain and ordinary meaning of "owing" is "due to be paid." *See Owing*, MERRIAM-WEBSTER (defining "owing" as "due to be paid" and supplying "outstanding," "overdue," "owed," "payable," "unpaid," and "unsettled" as synonyms). Tying everything together: a "debt" can constitute the amount due to be paid because of an assessment, an order of restitution (including restitution owed to individuals arising out of criminal cases), or another source of indebtedness to the United States.

---

[1]The § 3011(a) surcharge itself does not constitute "debt." *See* 28 U.S.C. § 3002(3).

Confusion arises from the confounding repetition of "debt" in § 3011's phrase "amount of the *debt* in connection with the recovery of the *debt*." Pioch urges that "[a]ll words [in § 3011(a)] are to be given effect and none are to be ignored." Appellant's Br. at 8. She argues that "in connection with the recovery of the debt" modifies "amount of the debt" and urges us that "a surcharge may be recovered from that amount of the debt that is recovered through litigation and enforcement of a collection claim under the FDCPA." *Id.* at 12. So, Pioch insists, "the 10 percent surcharge is to be computed with reference to the amount of the debt that is actually recovered through enforcement of a collection remedy such as a claim for garnishments." *Id.* Put simply, Pioch conceives of the first two uses of "debt" in § 3011(a) as referring to distinct concepts; the first "debt" is the amount that the Government recovers—via garnishment, for example—and the second "debt" is the amount due on the judgment.

The Government disagrees. To the Government, "in connection with the recovery of the debt" is a trigger, not a modifier; the phrase authorizes the United States to recover the surcharge. *See* Appellee's Br. at 11. Put another way: the Government believes that § 3011's first two uses of "debt" allude to the same debt—the outstanding balance due on the judgment. The second "debt" is just a "redundanc[y]" that is "common in statutory drafting." Appellee's Br. at 10 (quoting *Barton v. Barr*, — U.S. —, 140 S. Ct. 1442, 1453 (2020)).

Pioch's reading runs into an insurmountable textual hurdle. Enforcement actions, like garnishments, are not "debt." FDCPA subchapter C lists garnishment as a postjudgment remedy that is used to satisfy a debt. *See* 28 U.S.C. § 3205; *see also id.* § 3011(a) ("In an *action* or *proceeding* under subchapter B or C . . .). That coheres with the ordinary and legal understanding of garnishments. *See Garnishment*, MERRIAM-WEBSTER (defining garnishment as "a legal summons or warning concerning the attachment of property *to satisfy a debt*" (emphasis added)); *Garnishment*, BLACK'S LAW DICTIONARY (defining garnishment as "[a] judicial *proceeding* in which a creditor (or potential creditor) asks the court to order a third party who is indebted to or is bailee for the debtor to turn over to the creditor any of the debtor's property (such as wages or bank accounts) held by that third party" (emphasis added)); *cf.* 15 U.S.C. § 1672(c) (defining "garnishment" as "any legal or equitable *procedure* through which the earnings of any individual are required to be withheld *for payment of any debt*" in the context of

wage garnishments (emphases added)); 31 U.S.C. § 3720D(a) ("[T]he head of an . . . agency that administers a program that gives rise to a delinquent nontax debt owed to the United States by an individual may . . . garnish the disposable pay of the individual *to collect the amount owed*, . . ." (emphasis added)); FED. R. CIV. P. 64(a), (b) (listing garnishment as a "remedy" "to secure *satisfaction* of the potential *judgment*" (emphases added)). So even if Pioch is correct that "in connection with the recovery of the debt" modifies "amount of debt" in § 3011, a garnishment action cannot be the "amount of debt" to which the United States is entitled to apply its surcharge.

We thus agree with the Government. "[I]n connection with the recovery of the debt" triggers the "recover[y] [of] a surcharge of 10 percent of the amount of the debt." Thus, when the Government initiates an action or proceeding under FDCPA subchapter B or C to recover debt owed to the United States, the United States is entitled to recover a surcharge of 10% of the outstanding debt.[2]

We emphasize two features of § 3011(a) that are applicable here. First, the Government may collect the 10% surcharge only after Pioch has fully paid the assessment, the restitution owed to McLaughlin, and the restitution owed to the IRS, in that order. Second, the "surcharge" is an amount to be added to, and not subtracted from, the judgment.

In this case, the judgment states: "Payments shall be applied in the following order: (1) assessment, (2) restitution principal, . . . (9) costs, including cost of prosecution and court costs." R. 380 (Judgment at 8) (Page ID #6121). The § 3011(a) surcharge is levied to cover the cost of prosecution. *See* § 3011(a) ("to cover the cost of processing and handling the litigation and enforcement . . . ."). Per the judgment alone, the surcharge is separate from and must be

---

[2]Other courts of appeals have acknowledged without deciding that § 3011(a) entitles the United States to a 10% surcharge on the debt outstanding to the United States and not 10% of the debt actually recovered by the Government (through a garnishment, for example). *See, e.g.*, *Sears, Roebuck & Co. v. U.S. Postal Serv.*, 844 F.3d 260, 264–65, 268 (D.C. Cir. 2016); *Bd. of Governors of Fed. Rsrv. Sys. v. Pharaon*, 169 F.3d 110, 113–14 (2d Cir. 1999); *Consol. Edison Co. of N.Y. v. Ashcroft*, 286 F.3d 600, 606 (D.C. Cir. 2002); *United States v. Peoples Household Furnishings, Inc.*, 75 F.3d 252, 254 n.3 (6th Cir. 1996); *United States v. Alphagraphics Franchising, Inc.*, 973 F.2d 429, 430–31 (5th Cir. 1992); *United States v. Goyette*, 446 F. App'x 718, 721 (5th Cir. 2011); *United States v. Pugh*, 75 F. App'x 546, 547 (8th Cir. 2003); *United States v. Zharn*, 8 F. App'x 465, 466 (6th Cir. 2001) (order).

paid after the full payment of the assessment and restitution. The MVRA, moreover, requires that McLaughlin receive his restitution before the IRS does. 18 U.S.C. § 3664(i) ("[T]he court shall ensure that all other victims receive full restitution before the United States receives any restitution."). The plain and ordinary meaning of "surcharge," moreover, is "to charge an *extra* fee"; "an *extra* fare"; and "an *additional* tax, cost, or impost." *Surcharge*, MERRIAM-WEBSTER (emphases added); *see also Surcharge*, BLACK'S LAW DICTIONARY (defining "surcharge" as "[a]n additional tax, charge, or cost"); *cf.* 8 U.S.C. § 1714 ("[T]he Secretary of State is authorized to charge surcharges related to consular services in support of enhanced border security that are *in addition* to the passport and immigrant visa fees . . . ." (emphasis added)). The insertion of "surcharge" into § 3011(a) indicates to us that Congress wanted the Government to collect a fee on top of the "amount that is owing" to the United States.

Reality buoys our analysis of the language of the judgment in the present case, the MVRA, and § 3011(a)'s plain text. "[I]t is rare that defendants are able to fully pay the entire restitution amount owed." U.S. DEP'T OF JUST., RESTITUTION (Feb. 5, 2020), https://www.justice.gov/usao-ak/restitution. "Many defendants have already spent the money that they stole, and will not have sufficient assets to repay their victims." *Id.* "If and when the defendant pays, [a victim of crime] most likely will receive a number of small payments over a long period of time." *Id.* In the mine-run restitution scenario, it would be unjust and unfair to allow the Government to collect the § 3011(a) surcharge ahead of the victim of a crime or to subtract the surcharge from the amount that the victim is owed.

## III. CONCLUSION

We conclude by reiterating our three holdings. First, we hold that when the Government initiates an action or proceeding under FDCPA subchapter B or C to recover debt owed to the United States, the United States is entitled to recover a surcharge of 10% of the outstanding debt under § 3011(a). Second, we hold that the debt (here, the assessment and restitution) must be satisfied before the United States may collect the § 3011(a) surcharge. Finally, the § 3011(a) surcharge is an amount to be added to, and not subtracted from, the judgment.

Because a modification of the surcharge amount is in order, *see* Appellee's Br. at 4–5 & nn.1, 2, we **VACATE** and **REMAND** so that the district court can calculate the amount that Pioch owed in assessments and restitution when the Government filed the applications for writs of garnishment.  The Government may collect 10% of that amount as a surcharge only after the $3,700 assessment, the $1,990,342.76 of restitution owed to McLaughlin, and the $47,440.54 of restitution owed to the IRS are paid in full in that order.  And the 10% surcharge must be added to, and not subtracted from, the outstanding debt owed by Pioch.